W. J. DICKERSON, *Sheriff of Pottawatomie County,* v. C. D. WALDO.

(Filed September 10, 1903.)

1. JUDGMENT—Set Aside, When. A judgment, based upon special findings which are inconsistent with each other, and repugnant in matters material to the issues involved in the case, will be set aside.

2. VERDICT—Special Findings—New Trial. Where the jury returns a general verdict in favor of the defendant, and with their general verdict return special findings, which are inconsistent with each other, and where the general verdict and some of the special findings are in favor of the defendant, and some of the special findings in favor of the plaintiff, it is error for the trial court to render judgment upon the special findings in favor of the plaintiff. In these circumstances, neither party is entitled to judgment upon the verdict or findings, and it is the duty of the trial court to grant a new trial.

(Syllabus by the Court.)

*Error from the District Court of Pottawatomie County; before B. F. Burwell, Trial Judge.*

*W. S. Pendleton* and *J. H. Woods,* for plaintiff in error.

*B. B. Blakeney,* for defendant in error.

Opinion of the court by

HAINER, J.:   This was an action in replevin, commenced in the district court of Pottawatomie county on the 10th day of June, 1898, by C. D. Waldo, plaintiff in the court below, defendant in error, against W. J. Dickerson, sheriff of Pottawatomie county, defendant in the court below, and plaintiff in error in this court.

The petition alleges that the plaintiff is the owner of and entitled to the immediate possession of twenty-six bales of cotton of the value of $580.09, and that the defendant wrongfully detains the possession of said property, and refuses to surrender the possession thereof to the plaintiff, although due demand has been made therefor.

To this petition the defendant filed an answer, in which he denied each and all of the material allegations contained in the petition, and by way of special answer alleged that he was in the lawful possession of the property described in the plaintiff's petition; that he took possession of said property under and by virtue of a writ of attachment regularly issued out of the probate court of Pottawatomie county, in an action wherein S. A. Overstreet was plaintiff, and John Scott was defendant.

It appears from the record that the writ of attachment was issued by the probate court on the 29th day of November, 1898, and that the sheriff served the writ and levied upon the property described in this action on the same day.

On the 26th day of October, 1900, the plaintiff filed a supplemental petition, in which he alleged that the defendant, within the time required by law, executed a re-delivery bond, and took possession of the property, and converted the same

to his own use. That since said conversion the property has increased in value, and is worth the sum of $1,500.00. That the plaintiff has prosecuted with reasonable diligence said cause, and elects to take the highest market value of said property between the date of the conversion and the verdict in this case. To the filing of this supplemental petition the defendant objected, which objection was overruled by the court, and exception reserved. To this supplemental petition the defendant filed an answer, denying each and every material allegation contained therein.

Upon the issues thus joined, the cause was submitted to a jury, and a general verdict was found in favor of the defendant. It appears that the court submitted to the jury a number of special interrogatories, to be answered and returned with the general verdict, and which was accordingly done. The plaintiff moved for judgment upon the special findings, notwithstanding the general verdict was in favor of the defendant. The court sustained the motion for judgment on the special findings, and rendered judgment in favor of the plaintiff for the sum of $1,372.26, to which ruling and judgment the defendant duly excepted. Motion for new trial having been filed and overruled by the court, the defendant brings the case here for review.

The only question submitted for our consideration at this time is, whether the district court erred in rendering judgment for the plaintiff on the special findings. It is apparent from an examination of the special interrogatories submitted to the jury by the court that they are not only inconsistent with the general verdict, but that they are manifestly inconsistent with each other. It clearly appears that

the general verdict and some of the special findings are in favor of the defendant. On the other hand, some of the special findings are in favor of the plaintiff. Thus, in answer to interrogatory number one, the jury found that John Scott was the owner of the property at the time of the commencement of this action. This is clearly in harmony with the general verdict, and would uphold it. However, it appears that in answer to interrogatories two, three and four, the jury found that on the 28th day of November, 1898, Scott had sold the cotton in controversy to Waldo, and that the cotton had been delivered to Waldo, and was in his possession at the time the attachment was levied on the 29th day of November, 1898; and these findings, it seems, would support the plaintiff's case. In these circumstances, we think, the court clearly erred in rendering judgment for plaintiff.

This identical question was before the supreme court of Kansas in the case of *Shoemaker v. St. Louis & S. F. Ry. Co.,* 2 Pac. 517, in which the court, speaking by Mr. Chief Justice Horton, said:

"The question submitted to this court is whether the district court erred in rendering judgment on the special findings for the railway company and against the plaintiff. It would be superfluous to recite the special findings and all that we deem it necessary to say of them is that the special findings are inconsistent with each other, and some of them with the general verdict. It appears that the general verdict and some of the special findings are in favor of the plaintiff, but other of the special findings are in favor of the railway company, therefore it may be said that the jury found upon the first two counts both ways. Under these circumstances we think the court erred in rendering judgment for the railway company."

In *A., T. & S. F. R. Co. v. Holland,* 49 Pac. 71, the supreme court of Kansas used the following language:

"Where special findings upon a material issue are contrary to the evidence and inconsistent with each other, indicating that the jury did not fairly and intelligently consider the case, the general verdict should be set aside, and a new trial granted."

In *St. Louis & S. F. Ry. Co. et al. v. Bricker,* 59 Pac. 268, the same court, in passing upon this question, said:

"A general verdict, based upon findings which are inconsistent with each other, and contradictory in matters material to the issues in the case, will be set aside."

The supreme court of Indiana has laid down the rule that inconsistent findings destroy each other, and for that reason cannot affect or control the general verdict. (*Wabash Ry. Co. v. Savage,* 9 N. E. 85; *Rice v. Manford,* 11 N. E. 283.)

But in our opinion the doctrine announced by the Kansas court is the better and safer rule to follow. Applying this rule to the case at bar, it follows that where the jury returns a general verdict in favor of the defendant, and with their general verdict return special findings, which are inconsistent with each other, and where it appears that the general verdict and some of the special findings are in favor of the defendant, and some of the special findings are in favor of the plaintiff, it is error for the trial court to render judgment upon the special findings in favor of the plaintiff. In these circumstances, neither party is entitled to judgment, upon the verdict or findings, and it is the duty of the trial court to grant a new trial.

For the reasons herein stated, the judgment of the dis-

trict court is reversed, and the cause remanded, with directions to grant a new trial.

Burwell, J., who presided in the court below, not sitting; Gillette, J., absent; all the other Justices concurring.