## WEST v. NATEN.

No. 4780. Opinion Filed October 12, 1915.

(152 Pac. 342.)

1. **ALTERATION OF INSTRUMENTS—Note—Instruction—Burden of Proof.** Where upon trial the holder admits that he materially altered a promissory note after delivery, it is not error for the trial court to instruct the jury that the burden of proof is upon him to show by a fair preponderance of the evidence that the alteration was made by and with the consent of the maker.

2. · **ALTERATION OF INSTRUMENTS—Effect.** A chattel mortgage showed upon its face that it was executed "to secure to James I. West, mortgagee, * * * the payment of the obligation hereinafter set forth, as follows, to wit: One note for $400, dated 1/10/1912, payable 7/10/1912." **Held,** that the indebtedness is represented by the note, which constitutes the primary contract, and not by the mortgage, which is merely collateral to the note. **Held,** further, that the holder of such a note, after materially altering, and thereby avoiding it, is not entitled, in an action in replevin, to seize and sell the property described in the mortgage for the purpose of applying the proceeds thereof upon the original debt.

(Syllabus by the Court.)

*Error from County Court, Mayes County;*
*O. H. Graves, Judge.*

Replevin by James I. West against J. C. Naten. Judgment for defendant, and plaintiff brings error. Affirmed.

*J. H. Langley* and *I. C. Duckworth,* for plaintiff in error.

*A. C. Brewster* and *Graves & Seaton,* for defendant in error.

KANE, C. J. This was an action in replevin, commenced by the plaintiff in error, plaintiff below, against the defendant in error, defendant below, for the purpose

of recovering possession of certain specific personal property pledged by chattel mortgage to secure the payment of a promissory note. The defense was that the plaintiff, who was the payee and holder, materially altered the note after it had been delivered to him. Upon trial it was admitted that the plaintiff changed the words "interest from maturity," as they originally appeared in the note, to read "interest from date," the effect of which was to make the note bear interest from date instead of from maturity; but, it was alleged, this alteration was made by and with the consent of the maker. Upon trial to a jury there was a verdict for the defendant, upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

The grounds for reversal presented by counsel for plaintiff may be summarized as follows:

(1) The court erred in giving the following instruction:

"You are instructed that the burden of proof in this case is on the plaintiff, James I. West, to show by a fair preponderance of the evidence that he was authorized by the defendant, J. C. Naten, to alter the note before he can recover in this action."

(2) Whilst the alteration may be material and avoids the note, the alteration not having been fraudulently made, it does not affect the mortgage. The mortgage debt exists independently of the note.

There are other assignments of error stated in the brief of counsel for plaintiff, but, on account of their failure to observe rule 25 of this court (38 Okla. x, 137 Pac. xi), they will not be reviewed.

On the first proposition counsel for plaintiff invoke the rule that, where it is admitted that the signature is

genuine, the presumption will be entertained that any and all alterations apparent over such signatures were made before signing, and the burden of proof in such cases will be upon the one alleging such alteration to show that the alteration was made after the note was executed and without the consent of the maker. *Richardson et al. v. Fellner,* 9 Okla. 513, 60 Pac. 270. The question as to burden of proof in respect to alterations is a vexed one, and the books are full of diverse decisions. Generally, where an alleged alteration is not apparent on the face of the instrument, the burden of proving it is upon the party alleging it. 2 Daniel on Negotiable Instruments, sec. 1421.

But that is not the precise proposition of law involved in the case before us. In this case the genuineness of the note and its material alteration by the holder after delivery to him is admitted, and the only question upon which an issue of fact was joined was whether the alteration was made with the knowledge and consent of the maker. In such circumstances, it seems to us, the burden of proof ought to be cast upon the holder to show by a fair preponderance of the evidence that he was authorized by the maker to make such alteration.

We are also unable to agree with the next contention of counsel. The chattel mortgage shows upon its face that it was executed "to secure to James I. West, mortgagee, * * * the payment of the obligation hereinafter set forth as follows, to wit: One note for $400, dated 1/10/1912, payable 7/10/1912." Undoubtedly the indebtedness secured is represented by the note, which constitutes the primary contract, and not by the mortgage, which is merely collateral to the note. Jones on Chattel

Mortgages (5th Ed.), sec. 79; *Ferris v. Johnson,* 136 Mich. 227, 98 N. W. 1014.

There is some conflict of authority on the question whether recovery can be had .on the original debt where paper has been taken in payment, and then the paper has been altered. See note XV, *Pollak Bros. v. Niall-Herin Co.,* 35 L. R. A. (N. S.) 76. But in the case before us the chattel mortgage states specifically that it was executed to secure the payment of the note, not the original debt, and, of course, in such circumstances, it cannot be held that the property pledged may be seized and the chattel mortgage foreclosed to extinguish any other obligation, even if we concede, which we do not, that a recovery can be had on the original debt.

For the reasons stated, the judgment of the court below is affirmed.

All the Justices concur.