Note.—See under (1) 32 Cyc. p. 1324 (Anno); 37 Cyc. p. 1417. (2) 2 C. J. p. 164, §302. (3) 2 C. J. p. 122, §206; p. 125. §211: 1 R. C. L. p. 705; 1 R. C. L. Supp. p. 237; 4 R. C. L. Supp. p. 47. (4) 2 C. J. pp. 264, 265, §588; pp. 276. 279, §621. 1 R. C. L. p. 695; 1 R. C. L. Supp. p. 234; 4 R. C. L. Supp. p. 46; 6 R. C. L. Supp. p. 30. (5) 2 C. J. p. 80, §64; p. 101, §137; anno. 15 L. R. A. (N. S.) 1202; 1 R. C. L. 716. 1 R. C. L. Supp. p. 241; 4 R. C. L. Supp. p. 48; 5 R. C. L. Supp. p. 46. (6) 37 Cyc. pp. 1370, 1417. (7) 32 Cyc. pp. 1372, 1381.

---

**WHITE et ux. v. OKLAHOMA SAVINGS & LOAN ASS'N.**

No. 15596—Opinion Filed Sept. 15, 1925.

Rehearing Denied March 8, 1927.

1. **Appeal and Error—Time for Proceeding Where Motion for New Trial Necessary.**

Where a motion for new trial is necessary and made within the time provided by section 574, C. S. 1921, the time for perfecting the appeal under section 798, C. S. 1921, commences to run, not from the date of the judgment, but from the date of overruling the motion for new trial.

2. **Pleading — Amended and Substituted Pleading — Contradictions — Motion to Strike.**

It is not error for the court to overrule a motion to strike an amended or substituted pleading based on the ground of conflicting statements to former pleadings. Lane v. C., O. & G. R. Co., 19 Okla. 324, 91 Pac. 883.

3. **Alteration of Instruments—Pleading — Burden of Proof.**

Where plaintiff pleads that the written instrument in controversy has been altered without his knowledge or consent, was delivered to him by defendant on a certain date, in its altered condition, and fails to charge that defendant made the alteration or consented to it, and states he does not know who made the alteration, and defendant concedes the alteration and joins issue on the other facts stated, the burden is upon plaintiff to prove the facts and circumstances of the alteration as pleaded, and it is error for the court to place the burden of proving the alteration or the facts and circumstances thereof upon the defendant.

4. **Trial—Judgment and Verdict Inconsistent With Findings.**

Where the verdict of the jury and judgment of the court are inconsistent with the findings of the jury as to the material facts shown by answers to interrogatories, reasonably supported by the evidence, they are erroneous and should be set aside.

5. **Execution—Conformity of Order of Sale to Judgment—Necessity.**

Under section 758, C. S. 1921, the order of sale or execution must conform to the judgment in the case, and where the sales proceedings include items of indebtedness not found in the judgment, on motion to quash the order of sale or execution or to deny confirmation, it is error for the court to overrule such motion and confirm the sale.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Woods County; Arthur G. Sutton, Judge.

Action by Oklahoma Savings & Loan Association against Arthur A. White and Eda A. White on note and for foreclosure of mortgage. Judgment for plaintiff, and defendants appeal. Reversed.

H. A. Noah, for plaintiffs in error.

W. L. Houts, Gus Hadwiger, and Chas. L. Moore, for defendant in error.

Opinion by THREADGILL, C. This action was commenced October 14, 1920, by the defendant in error, the Oklahoma Savings & Loan Association, as plaintiff, against the plaintiffs in error, Arthur A White and Ena A. White as defendants, to collect a note of $500 dated January 30, 1919, and to foreclose a real estate mortgage dated January 15, 1919, given by the defendants on lots 1 and 2 in block 9 in T. M. Hess' addition to the town of Alva.

In the petition, filed October 14, 1920,

plaintiff stated that defendants executed the note and mortgage on January 30, 1919, and it attached copies which show that the note was dated January 30, 1919, and the mortgage January 15, 1919. The petition is in the usual form of a foreclosure action.

After the petition was filed, by leave of court, plaintiff amended the same by stating, in substance, that at the time, being January 15, 1919, the defendants signed the note and mortgage, the date of the note was left blank and through oversight, inadvertence, and mutual mistake of all parties concerned, the date of the note was not inserted at the time of signing the same, but was afterwards inserted as January 30, 1919; that the mistake of inserting January 30th was by the scrivener, and also a mutual mistake of the plaintiff and the defendants. Thereafter, plaintiff, by leave of court and in compliance with a motion to make more definite and certain, further amended the petition by stating, in substance, that the said note was in fact signed by the defendants at Alva, Okla., on January 15, 1919, but with the erroneous dating at said time of January 30, 1919, and the same was delivered at said time and place, with said mortgage securing the same, to plaintiff's duly authorized agent, C. A. Gibler, of Alva, Okla., who caused said mortgage to be filed of record and later returned to plaintiff in Oklahoma City, together with the note; that the date of the note was a mistake of the scrivener, but the circumstances of inadvertence or oversight were unknown to plaintiff, and said mistake was unnoticed and overlooked at the time by plaintiff's agant and by the defendants as well—

"That the execution and delivery of said note and mortgage on January 15, 1919, as aforesaid, caused this plaintiff at said time to loan, pay out, and fully deliver to said defendants White, the entire amount of money expressed in said note, to wit, $500, in consideration of which and for no other consideration the said note, so erroneously dated, was executed and delivered."

Plaintiff further pleads that since defendants received the benefits of the loan they should not be heard to deny the validity of the note and legality of the mortgage. In the amendment plaintiff asks that the note be reformed to read as of date January 15, 1919, instead of January 30, 1919. There was a demurrer to the petition as amended, which was overruled. Defendants answered, denying specifically the execution of the note dated January 30, 1919, and pleaded alteration of date in denial of liability on the note and mortgage as claimed by plaintiff. The substance of the defense, however, was that the note was changed by inserting the date of January 30, 1919, after defendants signed it. There was a reply and the issues were joined upon the petition as amended and the answer and reply. Thereafter, on October 27, 1919, plaintiff filed a motion for judgment on the pleadings, which was overruled November 2, 1921. Thereafter, on May 22, 1922, by leave of court, plaintiff filed an amended petition in which it stated that defendants in December, 1918, made application to become a stockholder in its company and for a $500 loan, and on January 8, 1919, plaintiff issued to Arthur A. White ten shares of stock in said building and loan association, and, thereafter, defendants assigned this stock to plaintiff on or about March 29, 1919, at Alva, Okla., and also executed and delivered to it their promissory note in writing bearing date of January 30, 1919, for the sum of $500 payable on or before 120 months after date, with interest at 8 per cent. per annum, payable monthly, as also a premium of 2 per cent., both payable on or before the 5th day of each and every month during the life of said note. Plaintiff further states that "at the same time and place and as a part", etc., said defendants delivered unto the plaintiff their mortgage bearing date of January 15, 1919, for the purpose of securing said note. The amended petition further states that the note bears date of January 30, 1919, but same was executed January 15, 1919, that this was a mistake, and plaintiff did not discover it until after this suit was commenced; that after the note and mortgage were delivered to it, it caused the mortgage to be filed for record. The petition further states that at the time the note and mortgage were signed on January 15, 1919, said defendants intended that the same should bear date of January 15, 1919, and that it was then and there the intention of the plaintiff and defendants that said instruments should be delivered by defendants to plaintiff as soon thereafter as the title to the real property, described in the mortgage, should become vested in the defendants and the abstract approved by plaintiff's attorney. The amended petition further states that the title to the property involved in the loan did not vest in the defendants until March 29, 1919; that the abstract was approved and the money paid on the loan March 31, 1919. The rest of the amended petition is in the usual form, and the plaintiff asks for reformation of note to read as of January 15th instead of January 30, 1919.

On August 30, 1922, there was a motion

to strike the amended petition, also on October 31, 1922, a general demurrer. Thereafter on January 12, 1923, plaintiff filed, by leave of court, its amended and substituted petition, in which it stated that in the month of December, 1918, defendants made application for a $500 loan to become payable on or about 120 months after date, and said loan was made. Thereupon, the defendants made their note as evidence of said loan; that said note was signed on January 15, 1919; that at the time said note was signed, defendants had ten shares of stock in its company bearing date of January 8, 1919. The petition then describes the mortgage and states that same was signed by defendants on January 15, 1919, and was filed for record March 29, 1919, and that the mortgage was made to secure the payment of the debt created by the loan of $500. It is further stated that the certificate of stock for ten shares was assigned to it to secure the payment of the indebtedness. Then the same statement is made as to the title of property described in the mortgage, as to the same not being vested in defendants until March 29, 1919, as was made in the amended petition. The substituted petition further states that the note bears date of January 30, 1919, when it should bear date of January 15, 1919, but it is the same note signed by the defendants by which they secured the loan; that plaintiff did not discover the mistake in the date of the note until about the time of the commencement of this action. It further states that it does not know the time when the date "30" was written in the said note, nor by whose hand the said date was written, "but avers that the said '30' was not inserted therein by this plaintiff, or with its knowledge or consent, or by its direction; that the said note is now in the same condition as to date that it was when received by this plaintiff, to the best of its knowledge and belief." Plaintiff further states that since it is uninformed as to who inserted the erroneous numerals "30" in the note, that it offers all the facts of the whole transaction so far as it has knowledge as follows:

"That about the month of December, 1918, the defendant Arthur White made a written application to this plaintiff for a loan of $500, offering as security therefor a mortgage on the property heretofore described; that at the time the title to the said property was vested in one Mary Olive Retherford, codefendant in this action; that at that time the said defendant was negotiating with the said Mary Olive Retherford for the purchase of the said property, and the consummation of the deal was contingent upon the said defendant Arthur A. White being able to borrow the sum of $500 from this plaintiff; that this plaintiff received the said application and caused the said property to be inspected by its agent and thereafter approved the said security and granted the said application for a loan thereon, contingent, however, upon the condition that good title thereto became vested in the said Arthur A. White; that sometime shortly prior to January 15, 1919, the note and mortgage to evidence the debt were filled out by said plaintiff at its office in Oklahoma City, complete, except for the actual date and signatures of the said Whites, and sent to its agent, C. A. Gibler, at Alva, Okla., to be delivered to the said defendants for execution, and the same were so delivered; plaintiff further alleges that the said note and mortgage were signed by said defendants at Alva, on January 15, 1919; that the said note and mortgage were signed by said defendants in the office of E. U. Anderson, a notary public, and the signatures to the said mortgage duly acknowledged by the said E. U. Anderson on January 15, 1919; plaintiff further says that the said E. U. Anderson was the agent of the said Mary Olive Retherford in making the sale of the said property to the defendants White; that the said Mary Olive Retherford then lived in the state of Colorado, and sent her deed conveying the said property to the defendants White to the said E. U. Anderson to be delivered by him to the said White upon the receipt of a certain sum of money to be paid by the said White; that this deed was received by the said E. U. Anderson on March 29, 1919, and on the same day delivered to the said White and placed of record in the deed records of said Woods county. Plaintiff further alleges that its said transaction with the defendants White was not fully consummated until after the said White received the deed from the said Mary Olive Retherford on March 29, 1919; that until the said White obtained title to the said property the contract between the said Whites and this plaintiff was unexecuted; that on March 29, 1919, the said defendants White delivered the said note and mortgage to this plaintiff, who caused the said mortgage to be placed of record on said day, and on March 31, 1919, the abstract of title being finally approved by this plaintiff, made payment of the amount of the loan as aforesaid to the said defendants White. That any inconsistent allegations heretofore pleaded by plaintiff were made through ignorance of the facts and the same are now amended and corrected to conform to the truth."

Then the breach of the conditions is stated, and a prayer to foreclose and for reformation of the note as of date January 15, 1919, instead of January 30, 1919. Copies of the note and mortgage and certificate of stock are attached as exhibits and made a part of the substituted petition. Defendants fil-

ed a motion to strike this amended and substituted petition from the files on the grounds: (1) That the same is a mere repetition of the previous petitions except in certain particulars of admissions in the original and amended petitions, which are controverted and denied by allegations in this substituted petition; (2) that plaintiff, having made certain admissions in the previous petitions adverse to its interest cannot be heard to controvert and deny them in this petition; (3) that plaintiff cannot deny that the note and mortgage were delivered to it immediately after they signed the same on January 15, 1919, or to its agent, O. A. Gibler, after stating this as a fact. Then there was a motion to strike out certain statements which were in conflict and inconsistent with the statements of the previous pleadings. The motions were overruled, then a demurrer was filed and was overruled; thereupon, defendants filed their answer to the amended and substituted petition, in which they specifically deny the execution of the note sued upon and bearing date of January 30, 1919. They denied that they delivered the note and mortgage to plaintiff on March 29, 1919, but state the fact to be that they signed the note and mortgage on January 15, 1919, and same were delivered to plaintiff on same date, and said note and mortgage had at all times since then been in the possession of plaintiff.

Defendants denied that the numerals "30" were written into the note before its delivery to the plaintiff, but state the fact to be that at the time the same was delivered to plaintiff, the date was blank and the date was inserted after delivery. They further state that the date "30" was placed on the note without their knowledge or consent or approval. They verify the answer, and the execution of the note is specifically denied in the verification. There was a reply consisting of a general denial. Defendants then filed a motion for judgment on the pleadings, which was overruled. The cause was tried to a jury October 17, 1923, and resulted in a verdict and judgment for plaintiff, and, thereupon, defendants filed their motion for a new trial on October 19, 1923, also motion for judgment non obstante veredicto, which were overruled February 4, 1924, and defendants excepted and gave notice of appeal and were granted extension of time to prepare and serve case-made, and while they were preparing the same, the lots in controversy were sold under execution, and defendants filed motion to quash order of sale, and objections to the confirmation of the sale, and being overruled, have appeal-ed from the order overruling their motion to quash the order of sale and objections to the confirmation of sale. One petition in error and one case-made set out defendants' contentions in both cases. The appeal was lodged in this court July 29, 1924.

1. At the beginning of the discussion, plaintiff contends that since the judgment of foreclosure was rendered on October 18, 1923, and the appeal was not filed in this court until July 29, 1924, more than six months from the date of the judgment, this court has no jurisdiction to consider any part of the record on its merits, but has jurisdiction only to consider the proceedings of the sale and order of confirmation. We cannot agree with this contention. This court has held in numerous cases that where a motion for new trial is necessary and is filed in time, and therarter passed on and overruled by the court, the time limit for the appeal commences to run from the overruling of the motion for a new trial and not from the rendition of the judgment. Harrison v. Osborne, 31 Okla. 103, 114 Pac. 331.

2. On the merits of the case, defendants contend that the court erred in overruling their motion to strike the amended and substituted petition from the files, for the reason it was in conflict with the original petition and its amendments and the other amended petition on the question, as to when the note and mortgage were signed and when the note was dated, as to the date when delivered to plaintiff's agent, O. A. Gibler, as to the fact of the note being blank when delivered to said Gibler, as to the date being inserted after delivery. A great many authorities are cited, and we find that they support the general rule that parties are bound by and estopped to controvert allegations and admissions in their own pleadings. 31 Cyc. 87, note 63. But this rule is not applicable to a motion to strike under our practice, but is rather a rule of evidence. Myers v. First. Pres. Ch. of Perry, 11 Okla. 544, 69 Pac. 874; Lane v. Choctaw, O. & G. R. Co., 19 Okla. 324, 91 Pac. 883; West v. Naten, 49 Okla. 249, 152 Pac. 342.

In the case of Lane v. Choctaw, O. & G. R. Co., supra, the court says in the text:

"In Smith v. Pelott et al., 18 N. Y. Supp. 301, it was held that upon the trial the averments of the superseded pleadings could be considered, whether introduced in evidence or not; but this rule has but little support. The weight of authority and better reasoned cases support the rule that a pleading or an admission or allegation in a pleading, notwithstanding it may have been withdrawn, stricken out, or superseded by an

amended pleading, is competent in evidence, and may be introduced against the party from whom it proceeded like any other admission or declaration, subject, however, to explanation by the party who made it. This rule rests on the general principle that whatever a party has said about his case may be proved against him, and whatever writing he has signed or authorized may be, if relevant, introduced against him, the weight of such evidence to be left to the court or jury trying the case." Citing many authorities.

Defendants had the benefits of this rule when the court permitted them to introduce the plaintiff's pleadings in evidence and the jury had the inconsistent statements of plaintiff before them in considering the case, answering the interrogatories, and rendering their verdict, and it was not error for the court to overrule the motion to strike.

3. In the trial of the case, the court took the view that the general rule as to the alteration of written instruments and the burden of proof applied to the case. The court instructed the jury that:

"Where a written instrument shows upon its face that it has been altered, then the burden is upon the person offering the same in evidence to show by fair preponderance of the evidence that the alteration was made by and without the consent of the maker of such instrument."

But where it does not so appear, then the burden is upon the party pleading the change. The court in applying the rule tells the jury, in substance, that since it is admitted that the defendants signed the note in question, the presumption will be entertained that any alteration appearing above their signatures was made before signing, and the burden of proof is upon the defendants, who allege the alteration in the note, to show that the same was made after the note was executed and without their consent. The defendants contend that the court's view and theory of the issue was erroneous, and placed the burden upon them of explaining the change of date in the note, when it should have been placed upon plaintiff, according to the issues in the case. The argument is that the plaintiff conceded the change in the date of the note and it was at no time a burden upon the defendants to prove this change. Plaintiff pleaded it was an alteration in the date and defendants agreed that this was true. This being the case, there was no issue on this question, and the defendants' contention must be sustained on this point. 2 C. J. page 1269, sec. 181; also under same, see note 93.

Plaintiff states in its substituted petition, in the paragraph preceding the one above quoted, that the note was in the same condition at the time the action was commenced as it was when it received it from the defendants on March 29, 1919. The defendants denied this statement and tendered the issue that the note and mortgage were delivered to the plaintiff immediately after they were executed on January 15, 1919. The burden of proof on the question as to when the note and mortgage were received by the plaintiff after execution on the part of the defendants, and the status of the note, as to the date at the time, was, in the first instance, upon the plaintiff, and this burden must be sustained by the plaintiff by a preponderance of the evidence, since it tendered the issue and since the fact of when the change in the date of the note was made, whether before or after delivery to the plaintiff, is material in fixing the presumption or responsibility for the change. The alteration being conceded, if the proof shows that it was made while in the possession of defendants, and without the knowledge or consent of the plaintiff, the presumption would be that defendants are responsible for the alteration, and the burden would be upon them to explain the same, and the same rule would be applicable to the plaintiff. 2 C. J. page 1269, sec. 181. Carey Mfg. Co. v. Watson, 58 W. Va. 189. West v. Naten, 49 Okla. 249, 152 Pac. 342; Crosswell v. Labree, 81 Me. 44, 10 Am. St. Rep. 238.

Plaintiff further pleads, as stated in the above quoted paragraph, that it prepared the note for execution in its office in Oklahoma City, leaving the date blank, and sent the same to its agent, C. A. Gibler, at Alva, to be delivered to the defendants for execution, and the same was so delivered, and defendants signed the note and mortgage and acknowledged the mortgage on January 15, 1919, before one E. U. Anderson, a notary public, who was acting as the agent of Olive Retherford in selling the property in controversy to the defendants, and for which they were asking a loan to pay for it, and while the mortgage and note for the loan were executed on January 15, 1919, still the deed from Olive Retherford to defendants was not received by said agent to be delivered to defendants until March 29, 1919, at which time the whole transaction was closed, and the deed and mortgage were placed of record and the note and mortgage were delivered to the plaintiff upon the payment of the $500 loan, and that the note bore the date of January 30, 1919, at the time it received it. The defendants denied that they signed the note bearing the date of January 30, 1919, or had knowledge or

consented to the note as signed on January 15, 1919, being dated as of January 30th, but alleged the fact to be that the note they signed on January 15, 1919, was delivered to plaintiff on the date it was signed by them and since that time it had been in the exclusive possession of plaintiff.

In making their opening statements to the jury, the attorneys for the parties narrow the issues to the difference as to the time when plaintiff received the note and mortgage from defendants and as to who was responsible for the erroneous date. Plaintiff's attorney states:

"We expect the evidence will further show that the erroneous date '30' was not put in this note by this plaintiff or by any of its agents, or with its consent by anyone else, with the knowledge or consent of the plaintiff. We expect to show the plaintiff does not know who inserted those numerals '30' in the note."

Defendants' attorney states:

"The note was signed, but the blank was left there; that the Whites left these papers there, the note and mortgage with Anderson on that day, the 15th day of January, 1919, delivered these papers to Gibler. They never have been in the possession, as the evidence will show, of the defendants since then; the defendants have never seen them except here in court, had no opportunity to change them; they have never consented to any change."

Under the status of the pleadings and the statements of the attorneys, in opening the case, the burden of proving that the mortgage and note were delivered to plaintiff by the defendants on March 29, 1919, and the date of the note was January 30th, at the time it came into its hands, was upon the plaintiff, and no rule or presumption can relieve it of this burden, since it assumed it in stating its case in the pleadings and before the jury, and the court's theory and instruction to the jury in placing the burden of proof upon the defendants to show that the note and mortgage were not received by the plaintiff on March 29, 1919, and that the note was not dated before that time, but was dated thereafter without their knowledge or consent, were erroneous.

4. Defendants further contend that the verdict of the jury is not supported by the evidence. After both parties introduced their evidence, the jury were required to answer certain interrogatories as follows:

"Interrogatory No. 1. Were the note and mortgage in suit delivered, after signing by the defendants, to C. A. Gibler on either the 15th or the 16th day of January, 1919? Answer No. 1. Yes. Foreman. Interrogatory No. 2. Is the note sued upon the one intended to be secured by the mortgage involved in this suit? Answer No. 2. Yes. C. W. Rackley, foreman. Interrogatory No. 3. Was there any change in the date of the note after it was delivered to the plaintiff? Answer No. 3. Yes. Foreman. Interrogatory No. 4. If your answer to the last question, No. 3., is 'yes', then was it done by the plaintiff, through an agent, or employe, or by a third person with plaintiff's complicity? Answer No. 4. No. Foreman."

The answers to these interrogatories are all in favor of the defendants, and the evidence, including the admissions of plaintiff in their pleadings, reasonably supports the findings. According to these findings of the jury, plaintiff failed to sustain its affirmative pleadings as to when the note was delivered to it and as to whether or not it was dated as of January 30th, at the time it received it, and the defendants' contentions were sustained to the effect that they executed the note and mortgage on January 15, 1919, and delivered the same to the plaintiff on that day or the next day, and the note was not dated at the time of such delivery, but the date "30" was inserted thereafter while in the possession of the plaintiff and without their knowledge or consent.

It is true the answer to the last interrogatory absolves the plaintiff from making the alteration in the note or consenting for a third person to make it, but it does not absolve the plaintiff from proving, by a preponderance of the evidence, that such alteration was made by and with the consent of the makers of the note. Where the alteration is conceded and the proof shows that the same was made while the instrument was in the possession of the plaintiff, with the knowledge or consent of the defendants, it is not enough for the plaintiff to say, in demanding payment of the note, that it did not make the alteration or consent for it to be made. It must be able to explain the alteration or it fails to make out its case.

Plaintiff further contends that the record is sufficient to show the alteration in the note amounted to a spoliation, and upon this theory it is entitled to have the judgment affirmed: citing 2 Cyc. 151; Murray v. Peterson, a Washington case, 33 Pac. 969; Commonwealth Nat. Bank v. Boughman, 27 Okla. 175, 111 Pac. 332, and other cases. We have examined all these cases and it does not appear that any of them lay down the rule contended for by plaintiff without affirmative proof as to the alteration being made by a stranger. There must

be proof of the stranger and his work, or proof of facts and circumstances from which it can be reasonably inferred that a stranger made the alteration. We find no proof in the case at bar that the alteration complained of was done by a stranger. Without proof the allegation must fail.

5. Defendants further contend that the court committed error in overruling their motion to quash and set aside the order of sale and objections to the confirmation of the same. It appears from the record that the judgment of the court was for $689.72, and interest; $58.85 for attorney's fees taxed as costs, and for further costs and accruing costs. The order of sale issued, by authority of which the sheriff advertized and sold the property, added to the items of the judgment $307.97 for taxes paid by plaintiff. This was the principal ground of defendants' motion to quash and objections to the confirmation of the sale. We think defendants' contention must be sustained under section 758, Compiled Statutes 1921. The matter of this $305.97 for taxes was not an issue in the action and no part of the judgment, and the plaintiff was without any authority for adding it to the judgment and making it a part of the sales proceeding under the judgment, and we know of no provision of law authorizing a sale for taxes of this sort, without first obtaining judgment. We think the sales proceedings were erroneous and should be set aside.

Upon the whole record, we are of the opinion that the verdict of the jury and the judgment of the court are contrary to the evidence and law, and a new trial should be granted.

By the Court: It is so ordered.

Note.—See under (1) 3 C. J. p. 1051, §1050. (2) 31 Cyc. p. 617. (3) 2 C. J. p. 1269, §181. (4) 4 C. J. p. 1056, §3049 (Anno). (5) 27 Cyc. pp. 1681. 1709 (Anno).