ANNA MARIE VALVANO, PLAINTIFF-RESPONDENT, v. FRANK VALVANO, DEFENDANT-APPELLANT.

Submitted May 29, 1936—Decided October 2, 1936.

For the plaintiff-respondent, *Jacob Friedland* (*Morris G. Fredman*, of counsel).

For the defendant-appellant, *Dante Rivetti.*

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. This is an appeal by the defendant below against whom judgment was entered in the Supreme Court Circuit of Hudson county.

The plaintiff was the payee of a note which, when delivered, was dated May 1st, 1933. The obligation was a renewal of a prior note for $1,250 on which $250 and interest had been paid. From the testimony of the plaintiff, it appears that the note should have been dated April 1st, instead of May 1st. The plaintiff, on discovering the discrepancy in date, called

to see the maker of the note and told him of the inaccurate date and asked for a new note. He replied that a new note was unnecessary and instructed her to change the date, which she accordingly did by striking out the word "May" and substituting "April."

The only pertinent defense is that the plaintiff, after the execution and delivery of the note, and without the consent or authority of the defendant, materially altered the note by changing its date.

The single point upon which the judgment is attacked is that the learned trial judge instructed the jury that "the defendant must prove to your satisfaction by the greater weight of the evidence that subsequent to the execution of the note by him * * * that the note was changed in a material respect without his consent or authorization." This instruction to the jury is challenged as error.

Section 124 of our Negotiable Instruments law (3 *Comp. Stat., pp.* 3732, 3749) provides, "where a negotiable instrument is materially altered without the assent of all parties liable thereon, it is avoided, except as against a party who has himself made, authorized or assented to the alteration and subsequent endorsers."

Any alteration that changes the date of a negotiable instrument is a material alteration. (Section 125, *supra*).

The alteration was apparent on its face and where there is such apparent alteration, the party claiming under the instrument has the burden of explaining it. *Matter of Pinkerton* (1906), 99 *N. Y. S.* 492; *Eisner* v. *Crommette,* 151 *N. Y. S.* 3, and cases cited, 5 *Uniform Laws Annotated,* 645.

"Where an alteration is of a material part and is beneficial to the party offering the writing * * * the burden is on the party offering the instrument to explain the alteration to the satisfaction of the jury. *Bowman* v. *Berkey,* 259 *Pa. St.* 327; 103 *Atl. Rep.* 49."

The plaintiff holder admitted the alteration was made by her after delivery. She has the burden of proving authorization so to do by the maker. *West* v. *Naten,* 49 *Okla.* 249; 152 *Pac. Rep.* 342.

A construction of the one hundred and twenty-fourth section of the statute, *supra,* as far as the point under discussion in this case is concerned, admits of but one logical conclusion and that is that where a party relies upon an instrument that contains a material, apparent alteration, such party seeking to enforce the obligation of this altered contract must prove that the alteration was made with the consent of the party to be charged. It is not the burden of the party to be charged to show that the alteration was made without his consent but it is the duty of the party offering the writing to prove that the contract is within the exception as expressed by the one hundred and twenty-fourth section of the statute.

In all cases such as this the plaintiff has the burden of proving the validity of the contract upon which suit is instituted. The defense of alteration would void the negotiable instrument unless the same was authorized, and when such a defense is made the burden does not shift to the party to be charged but it remains with the plaintiff to show, by proof, that the contract is valid notwithstanding the alteration. The charge of the learned court was erroneous in this respect.

The judgment is reversed, and a *venire de novo* allowed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 15.