## FIRST NAT. BANK & TRUST CO. OF TULSA v. MITCHELL.

No. 30435. July 7, 1941.

*127 P. 2d 825.*

J. C. Pinkerton and Hess Crossland, both of Tulsa, for plaintiff in error.

M. C. Rodolf and Bridges, Parry & Krueger, all of Tulsa, for defendant in error.

DAVISON, J. This is an appeal from a judgment for the defendant in a suit on a promissory note. In the petition plaintiff alleged that the defendant joined with her husband in signing a note for $2,000. Judgment was sought against the defendant alone and she filed a denial under oath. She claimed

that she did not sign the note; that she had been divorced from her husband approximately 60 days when this alleged note was signed. She denied that she was in Tulsa, Okla., where and when the note was signed.

A special interrogatory was submitted to the jury in the following language:

". . . Was the name of the defendant on the note in question in her handwriting and written by the defendant . . ?"

The answer to this interrogatory was yes. The jury returned a verdict for the defendant, whereupon the plaintiff filed a motion for judgment notwithstanding the verdict. The court denied this motion and entered judgment for the defendant on the verdict of the jury. The plaintiff also filed a motion for a new trial, which was overruled. This appeal was then perfected.

The sole issue presented is the alleged error in denying plaintiff's motion for judgment notwithstanding the verdict on the theory that the special interrogatory as answered and the general verdict entered for the defendant were wholly inconsistent, and that under 12 O. S. 1941 § 589 it was the imperative duty of the trial court to grant the motion based on the answer to the special interrogatory.

Defendant asserts that we have held in New York Life Ins. Co. v. Stagg, 95 Okla. 252, 219 P. 362, that where the special findings do not embrace and cover all the issues, and those returned are not necessarily inconsistent with the general verdict, the general verdict should stand. The converse of the rule is that when the special finding embraces all the issues and when returned is necessarily inconsistent with a general verdict, the general verdict cannot stand and it is error to deny a motion for judgment notwithstanding the verdict. Choctaw, O. & W. R. Co. v. Castanien, 23 Okla. 735, 102 P. 88; White v. Oklahoma Savings & Loan Ass'n, 124 Okla. 24, 253 P. 977; Balandran v. Compton, 141 Kan. 321, 41 P. 2d 720; Clark v. Missouri Pacific R. Co., 134

Kan. 769, 8 P. 2d 359; and Amann v. City of Tacoma, 170 Wash. 296, 16 P. 2d 601.

Thus, as a general rule, when answers to special interrogatories are returned in connection with a general verdict, a final disposition of the cause should be made either by judgment on the verdict or by judgment on the special findings contrary to the verdict. Notice Bancroft's Practice, p. 2068 et seq.

However, the general rule is not entirely without exception. Sometimes a situation is presented where it is impossible to determine the proper result of the case when due regard is given to both the general verdict and the special findings. In such a case the proper disposition is to grant a new trial.

Such a situation was presented to this court in the early case of Dickerson, Sheriff, v. Waldo, 13 Okla. 189, 74 P. 505. That case is somewhat different from the case at bar. There more than one interrogatory was submitted and inconsistencies existed between the answers to the different interrogatories as well as between some of the interrogatories and the general verdict.

In announcing the rule that a new trial should be granted, prominence was given to the conflict rather than the reason that the conflict required a new trial. A careful analysis of the opinion, however, discloses that the rule in that case is not a rule of thumb but a rule of reason. The reason appears in the quotation therein approved from the Kansas case of Atchison, T. & S. F. Ry. Co. v. Holland, 49 P. 71, wherein it was said that such a conflict indicated "that the jury did not fairly and intelligently consider the case."

Considering the reason for the rule as distinguished from the particular fact situation which invoked its application, we conclude that it is of controlling importance in the case at bar.

Here there is but one special interrogatory. That interrogatory dealt with the most vital and paramount issue in the case, namely, the existence of the

defendant's signature on the note. By adopting some rather obscure hypothesis it is within the realm of possibility to reconcile the special finding with the general verdict. For instance, we might say by way of conjecture that the jury concluded the defendant did sign the note but decided that fact was not established by a fair preponderance of the evidence; that the plaintiff's evidence made out a prima facie case, shifting the burden of producing evidence but not shifting the burden of proof, and that defendant's denial deprived the proof of the preponderance required for decision favorable to the plaintiff. Such an explanation is, in view of the instructions of the trial court when viewed as a whole, quite speculative; too speculative to receive judicial sanction as the basis of an ultimate determination of the rights of the parties. Other explanations more speculative might be hazarded as a guess in attempted resolution of the conflict.

We think, however, the situation is such as to indicate that the jury did not accurately analyze the case and that a new trial should therefore be granted.

The judgment of the trial court is reversed and the cause is remanded for a new trial.

WELCH, C. J., and RILEY, OSBORN, BAYLESS, GIBSON, and HURST, JJ., concur. CORN, V. C. J., dissents, ARNOLD, J., absent.