Dick C. DETRIXHE, Plaintiff in Error,

v.

Joseph H. McQUIGG, Defendant in Error.

Joseph H. McQUIGG, Plaintiff in Error,

v.

George L. DETRIXHE, Defendant in Error.

Joseph H. McQUIGG, Plaintiff in Error,

v.

EDWARD P. DETRIXHE AND SONS, a co-partnership, Defendant in Error.

Nos. 37318, 37367, 37368.

Supreme Court of Oklahoma.

Oct. 1, 1957.

Sparks & Boatman, by W. H. Boatman, Woodward, Emmett A. Klem, Shattuck, Simpson, Clayton & Fullingim, by Richard E. Stokes, Jr., Amarillo, Tex., for Dick C. Detrixhe, George L. Detrixhe, and Edward P. Detrixhe and Sons, a co-partnership.

Pierce, Mock & Duncan, Oklahoma City, Marshall Wood, Arnett, Joe Francis, Tulsa, for Joseph H. McQuigg.

PER CURIAM.

Only a brief statement of the facts of the accident out of which these actions arose is necessary. Dick C. Detrixhe was operating a pickup truck belonging to Edward P. Detrixhe and Sons, a partnership of which he was a member, in an easterly direction along a county road in Ellis County, Oklahoma. George L. Detrixhe, who was not a member of the partnership, was a passenger in the pickup. As this vehicle approached the summit of a small hill, an automobile owned and driven by Joseph H. McQuigg came over the hill proceeding westward, and the two vehicles collided in the center of the road. All the named individuals were injured and the vehicles damaged.

Three actions were initiated: one, No. 37,318, by Dick C. Detrixhe against Joseph H. McQuigg to recover for his personal injuries, wherein McQuigg cross-petitioned against Detrixhe for his personal injuries and the damage to his vehicle; another, No. 37,367, by George L. Detrixhe against McQuigg to recover for his injuries; and a third, No. 37,368, by Edward P. Detrixhe and Sons, a co-partnership, against McQuigg to recover for the damage to its pickup truck.

By stipulation of the parties, these three separate actions were consolidated for trial at one time to the same jury except that separate instructions were given and a separate verdict returned in each action. In the two last mentioned actions McQuigg alleged that an agency relationship existed between the driver of the partnership pickup truck and the plaintiffs in each action and that said driver was contributorily negligent. In its instructions in those cases, the court instructed the jury, without objection by either party, that the plaintiffs in those actions could not recover if Dick C. Detrixhe was contributorily negligent in the operation of the pickup. Of course, contributory negligence was also an issue in the action between the two drivers.

At the conclusion of the consolidated trial, the jury returned the following verdicts:

In No. 37,367, against McQuigg and in favor of George L. Detrixhe;

In No. 37,368, against McQuigg and in favor of Edward P. Detrixhe & Sons, a co-partnership;

In No. 37,318, " * * * for the plaintiff, Dick C. Detrixhe, on defendant's cross-petition and we find for the defendant, Joseph H. McQuigg, on plaintiff's petition.

"For Dick C. Detrixhe $3000.00.

"For Joseph H. McQuigg $10,000.00"
The trial court accepted the verdicts in No. 37,367 and No. 37,368 but refused to accept the verdict in No. 37,318 and re-submitted the action to the jury after giving it further oral instructions in an attempt to clear up any confusion. The jury thereafter returned the following verdict in No. 37,318:

"We, the jury, * * * find for the defendant, Joseph H. McQuigg, on his cross petition and against the plaintiff Dick C. Detrixhe, and fix the amount of defendant's recovery against plaintiff in the sum of $14,000.00, * * *.

"We find for the defendant on plaintiff's petition."

The court rendered judgment on this verdict and on the verdicts in No. 37,367 and No. 37,368. McQuigg appeals in No. 37,367 and No. 37,368, and Dick C. Detrixhe appeals in No. 37,318. The actions were consolidated for briefing, and in view of the consolidated trial and the nature of the question presented by the appeals, we have concluded that all three appeals will be considered as consolidated for disposition. Our conclusion in each action will be expressed in this opinion.

■ The situation disclosed by the foregoing statement of facts demonstrates that this jury purported to find McQuigg negligent in two actions and not negligent in the other; it likewise purported to find Dick C. Detrixhe free from contributory negligence in the two actions but negligent in his own. These three verdicts, in view

of the court's instructions, necessarily must contain an inconsistent finding of fact on the primary issue of negligence. They cannot be reconciled.

■ What is the effect of this anomaly? If these actions had been tried to separate juries the divergent results probably would not present grounds for reversal. The situation then would merely have pointed out a fact inherent in the jury system, that all human institutions lack perfection. But that such a circumstance might not be grounds for reversal where separate juries had been involved is not a persuasive argu-. ment for the proposition that one jury may render irreconcilable verdicts in actions consolidated for trial and thereby so obviously demonstrate its disregard of the court's instructions. The jury has an obligation, it is required to follow the law. Its disposition of an action is not left to the whimsey of the individual members.

In 53 Am.Jur., Trial, Sec. 1048, pp. 725, to open a discussion of this problem, it is said:

"That a verdict must be consistent appears to be a principle not often squarely decided, at least so far as civil actions are concerned, but rather one that has been generally assumed. * * *"

Bearing out this observation is the fact that no authority on this proposition in a consolidated action has been cited from this court. In other jurisdictions the problem has most often arisen in consolidated or joined actions where one is seeking to recover damages arising out of a tort committed to another also seeking damages, for whom the first is responsible for support and maintenance and to whom a duty is owed by the injured party (husband-wife, parent-child) and in which the jury has awarded damages to one but not to the other. It has also appeared in actions involving the doctrine of respondeat superior. Typical of the decisions is Watkins v. Myers, 12 N.J. 71, 95 A.2d 705, 706, 36 A.L.R.2d 1330. In the Watkins case the jury failed to return a verdict for the hus-

band who had proved damage although it found for the wife who had suffered the injury. It also held for the defendant as to another plaintiff who claimed to have been injured by the same accident. As to the husband's *per quod* action, the court said:

"The jury specifically determined the defendant was negligent with respect to Gladys Watkins. It also concluded she suffered a compensable injury. In the absence of a verdict for her husband, at least for the amount of medical expense legitimately incurred, the verdict was inconsistent and requires a reversal. * * *"

On the joined action by the other plaintiff, the court assumed the same result had there been sufficient proof of damage. The cases cited in the annotation following that case are to the same effect.

Although, as we have noted, no decisions from this jurisdiction have been cited which involved the precise point now under discussion, there are cases which have been bottomed upon a principle pertinent to this issue. In Dickerson v. Waldo, 13 Okl. 189, 74 P. 505, in which there were special findings on a material issue inconsistent with both the general verdict and with each other, it was held that the judgment would be set aside. This case was followed by First National Bank & Trust Co. of Tulsa v. Mitchell, 191 Okl. 206, 127 P.2d 825, 826, in which the jury also returned a general verdict contrary to a special finding on the material issue of the case. There, noting that the rule of the earlier case was "not a rule of thumb but a rule of reason," the syllabus by the court was, in part:

"* * * when such confusion is created by a conflict between the special findings and the verdict as to indicate that the jury did not intelligently consider the case and the trial court so finds or should so find in the exercise of judicial discretion, a new trial should be ordered."

Other cases also involving this same fundamental proposition but different circum-

stances calling for its application are: West v. Abney, 203 Okl. 227, 219 P.2d 624; Riedt v. Winters Drug Co., 191 Okl. 264, 128 P. 2d 1008; Maly v. Lamerton, 113 Okl. 168, 240 P. 716; Chicago, R. I. & P. Ry. Co. v. Brooks, 57 Okl. 163, 156 P. 362.

Adverting to the instant action, we are aware that separate actions consolidated for the purpose of trial do not ordinarily lose their individuality. Notwithstanding, the verdicts of the jury in these consolidated actions negate a logical, rational consideration of the issues by the jury upon the basis of the law applicable as contained in the court's instructions. We cannot conscientiously approve these judgments.

Some of the authorities cited in support of the judgments contain a verdict whose inconsistency is more apparent than real and which can be explained logically. Brown v. Parker, 217 Ark. 700, 233 S.W. 2d 64, however, is diametrically opposed to our conclusion. The court's conclusion in that case is based upon the premise that since consistency is not required of different juries in separate actions being tried separately, there is no requirement of consistency in consolidated actions tried to the same jury. Our answer is that the court did not attach sufficient significance to the basic difference involved—only one jury is hearing the evidence and it cannot at the same moment believe that two totally irreconcilable and inconsistent facts existed.

The other theories of waiver and harmless error have been considered and found to lack sufficient merit to support the judgments.

The judgments in No. 37,318, No. 37,367 and No. 37,368 are reversed with directions to grant a new trial.

The Court acknowledges the aid of the Supreme Court Commission in the preparation of this opinion. After a tentative opinion was written by Commissioner James H. Nease the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.