[No. 12391.  Department One.  April 29, 1915.]

N. W. QUARRING, *Appellant*, v. O. H. STRATTON *et al.*,
*Respondents.*[1]

APPEAL—RECORD—NECESSITY—GRANT OF NEW TRIAL. Where a
motion for a new trial, made on all the statutory grounds, was
granted, and the record only shows the proceedings after verdict,
the order must be affirmed on appeal, since the order may have
been granted on other grounds which cannot be reviewed on the
record brought up.

TRIAL—VERDICT—MISTAKE—CORRECTION—NEW TRIAL. Where the
jury returned a verdict for the defendant by mistake, and was dis-
charged and allowed to separate, the court is without power to call
the jury together to correct its mistake and render a verdict for the
plaintiff; the remedy being to grant a new trial.

Appeal from an order of the superior court for Whitman
county, McCroskey, J., entered April 1, 1914, vacating a
verdict and granting a new trial. Affirmed.

*J. P. Perkins*, for appellant.

*Cornelius & Hooper*, for respondents.

MOUNT, J.—This appeal is from an order granting a new
trial. The appellant has not seen fit to bring the whole
record here, but brings only the record of the proceedings
after the verdict of the jury.

It appears that, on the 11th day of February, 1914, the
jury returned a verdict in favor of the defendants and against
the plaintiff in the sum of $1,200. This verdict was handed
to the clerk, who read the same. Thereupon the court asked
the jury if this was their verdict, and they assented thereto.
The jury was then discharged. On the same day, and a little
later, the foreman of the jury informed the judge that the
jury had made a mistake in the verdict; that they meant to
find a verdict in favor of the plaintiff instead of the defendant.
The court thereupon summoned counsel, who had left the
court room, and directed the jury back into the box, and

[1]Reported in 148 Pac. 26.

upon being informed that the jury had made a mistake in the verdict which had been returned and filed, directed them to retire and consider their verdict further. Thereupon the jury retired and returned a verdict in favor of the plaintiff in the sum of $1,200. The jury was thereupon polled, and answered that this was their verdict, and this verdict was filed. Thereafter the defendants moved the court for judgment in accordance with the first verdict returned, and in the alternative for a new trial, upon all the statutory grounds. Affidavits were filed by all of the jurors, who stated, in substance, that they had made a mistake in the first verdict, and that the second verdict was the verdict which they intended to return. The court denied the defendants' motion for judgment upon the first verdict, but granted the motion for a new trial, by a general order to that effect. The plaintiff has appealed from the order granting a new trial.

It is possible that the court granted the motion for a new trial for errors occurring during the trial, or for insufficient evidence to justify the verdict, or for some other ground stated in the motion, which involved discretion on the part of the trial judge. The record not being before us upon these questions, we cannot review the same. The order for a new trial must be affirmed upon that ground if upon no other.

The point made by the appellant upon the appeal is that the trial judge should have denied the motion for a new trial and entered judgment upon the verdict in favor of the plaintiff. We are of the opinion that the court did not err in granting the new trial upon that ground. The statute provides, Rem. & Bal. Code, § 361:

"When the verdict is given, and is such as the court may receive, and if no juror disagree or the jury be not again sent out, the clerk shall file the verdict. The verdict is then complete, and the jury shall be discharged from the case. . . ."

The jury, after the verdict was received and filed by the clerk, was discharged from the case. We have no doubt that,

prior to the discharge of the jury, the court may permit the
jury to correct any error in the verdict. But after the dis-
charge of the jury, it was without the power of the jury or
the judge to correct the verdict. The remedy then was to
grant a new trial. In *Coughlin v. Weeks*, 75 Wash. 568,
135 Pac. 649, the jury had not been discharged. They had
been allowed to agree upon a verdict and separate until the
verdict was returned into court. What was said by us in
that case has no application to the case now in hand, because
in this case the jury had been discharged. Their duties were
then at an end.

In *Walters v. Junkins*, 16 Serg. & R. (Pa.) 414, 16 Am.
Dec. 585, the court said:

"The law allows the jury all reasonable opportunity be-
fore their verdict is put on *record*, and they are *discharged*,
to discover and declare the truth according to the judgment.
The court may also, of their own accord, send the jury back
to reconsider their verdict, if it appears to be a mistaken one,
and before it is received and recorded. In 7 Bac. Ab., page 9,
it is laid down to the same effect; so, also, 1 Inst. 227, and
P. Wms. 221. Although these cases do not expressly deter-
mine the point, the inference is irresistible that where the
verdict is received, recorded, and the jury dismissed, as here,
they have not the power to alter their verdict."

In *Reitenbaugh v. Ludwick*, 31 Pa. St. 131, the court said
upon this question:

"The cases cited of *McConnel v. Linton*, 4 Watts 357,
*Wolfran v. Eyster*, 7 Watts 39, *Walters v. Junkins*, 16 S. &
R. 415, were abundant authority for the course pursued, in
regard to a correction of the verdict. The jury having sealed
it up, and separated on coming into court, it was found not
to be in form to meet the whole case, and before receiving and
recording it, the court sent them back to put it in due form.
This is fully sustained by the cases, and, it is believed, is the
universal practice throughout the state. The sealed paper
was in fact not the verdict, until it was recorded, and until
that was done, it was within the discretion of the court to
send the jury back to consider and correct mistakes, or put it
in form. A verdict once recorded, and the jury dismissed,

if but for an instant, they cannot be recalled: *Walters v. Junkins,* 16 S. & R. 415. ·It is beyond the reach of any discretion, and to exercise it, would be an error reviewable here, which is not so, ordinarily, in cases like the present."

In *Little v. Larrabee,* 2 Greenl. (Me.) 37, 11 Am. Dec. 43, it was held that, where a mistake has been made by the jury in rendering a verdict and the jury discharged, the proper remedy is to set aside the verdict and grant a new trial. This appears to be the generally accepted rule in a case where the verdict of the jury has been received and filed with the clerk, or recorded and the jury discharged.

We are satisfied, therefore, that the order must be affirmed, upon the point relied upon by the appellant. It is so ordered.

MORRIS, C. J., PARKER, HOLCOMB, and CHADWICK, JJ., concur.