[No. 25905. Department Two. November 6, 1935.]

THE STATE OF WASHINGTON, *on the Relation of Agnes T. Shaffer, as Executrix, Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY *et al., Respondents.*[1]

*Chadwick, Chadwick & Mills,* for relator.

*Warren G. Magnuson, Charles C. Ralls,* and *Patrick M. Tammany,* for respondents.

[1]Reported in 50 P. (2d) 917.

BLAKE, J.—The superior court of King county entered an order consolidating for trial eight actions arising out of a collision between two automobiles. The order is before this court on certiorari.

The collision occurred at Fifteenth avenue northeast and One Hundred Forty-fifth street, Seattle. Fifteenth avenue northeast is an arterial highway— One Hundred Forty-fifth street is not.

It is alleged in the complaints in the several actions that, sometime prior to September 16, 1934, King county let a contract to defendant Fiorito for the paving of One Hundred Forty-fifth street; that, in the course of the performance of the work, Fiorito removed the warning and stop signs on the east side of Fifteenth avenue northeast; that, on the date mentioned, the warning and stop signs had not been replaced, although One Hundred Forty-fifth street had been opened for travel.

About eight-thirty in the evening of that day, plaintiff, her husband, their two children, Jane and Margaret, and another child, Yvonne Ledwidge, were riding in an automobile going west on One Hundred Forty-fifth street. Mr. Shaffer was driving. He drove into Fifteenth avenue northeast without stopping. The car was struck by another, driven by V. O. Lyle, going north on Fifteenth avenue northeast. Mrs. Lyle, who was seated beside Mr. Lyle, was killed almost instantly. Shaffer sustained injuries from which he died a few days later.

The following actions were instituted against King county and Fiorito as defendants:

(1) Lyle, as executor and personally, to recover for the death of Mrs. Lyle, and for his own injuries;

(2) Agnes Shaffer, as executrix, to recover for the death of Shaffer, and for his pain and suffering prior to death;

(3) Agnes Shaffer for her own injuries;

(4) Agnes Shaffer for expenses incurred by her for treatment of injuries sustained by Jane Shaffer, and loss of services;

(5) Jane Shaffer, by her guardian *ad litem*, for personal injuries;

(6) Margaret Shaffer, by her guardian *ad litem*, for personal injuries;

(7) Yvonne Ledwidge, by her guardian *ad litem*, for personal injuries;

(8) John P. Ledwidge and wife to recover for expenses incurred in treatment of Yvonne's injuries, and loss of her services.

By the order under review, all of the cases were consolidated for trial. Lyle is represented by Messrs. Eggerman & Rosling. The plaintiffs in all the other actions are represented by the attorneys for the relator here.

█ The latter have no objection to the consolidation for trial of their clients' cases. They do object to such cases being consolidated for trial with the Lyle case. While conceding that power is inherent in the court to consolidate causes for trial, they contend that the court's discretion so to do is limited to a much narrower scope in law actions than in equity cases. They assert that, in actions at law, the power is limited to cases not only in which the subject of litigation is the same, but also in which the parties plaintiff and defendant are identical. Authority for this position is to be found in 1 C. J. 1125 and 4 Ency. Pleading and Practice 677.

We think, however, the trend of modern authority is decidedly to the contrary. In 64 C. J., at page 36, it is said:

"Where, in actions by different plaintiffs against the same defendant or defendants, the only difference

is in respect of the issues of contributory negligence of the several plaintiffs, the extent of the injuries or damages sustained by them, or the evidence relating thereto, the cases may be ordered to be tried together.''

On appeal from an order consolidating three actions on contract against different defendants, Chief Justice Gray, of the supreme court of Massachusetts, said:

''It was within the discretion of the court to order the three cases to be tried together. The difference in the evidence, and the employment of distinct counsel by the defendants, were circumstances to be considered by the court below, but did not entitle the plaintiff as of right to separate trials.'' *Springfield v. Sleeper,* 115 Mass. 587.

In *Pridgen v. Atlantic Coast Line R. Co.,* 203 N. C. 62, 164 S. E. 325, two actions were brought by different plaintiffs for damages resulting from the same collision. An order of consolidation for trial was held to be within the power and discretion of the trial court.

In *Metropolitan Casualty Ins. Co. v. Lehigh Valley R. Co.,* 94 N. J. L. 236, 109 Atl. 743, actions by twelve different plaintiffs against the same defendant, arising out of the same tort, were consolidated for trial over the objection of the defendant.

In *Mankin v. Bartley,* 266 Fed. 466, an order consolidating for trial two actions at law to recover for injuries to plaintiffs, caused by defendant's automobile at the same time, was held to be within the discretion of the court.

In *Hein v. Huber,* 214 Wis. 230, 252 N. W. 692, an order consolidating four actions, arising out of a collision between two automobiles, was upheld over the objection of the plaintiff in one of the actions. The court said:

"On behalf of the plaintiff Weichmann, it is urged very strongly that her interests were prejudiced by the consolidation of the various actions for trial because first, the issues being confused, the jury got the idea that the real contest was between Jimmie Woznick and Hein as against Huber; second, because of the opportunity given to the attorneys for Woznick and Hein to cross-examine each other's witnesses. There was no evidence that Weichmann was driving the Chevrolet coach. It is conceded that whether or not actions shall be consolidated for trial is a matter within the sound discretion of the trial court. *Schmidt v. Reiss*, 186 Wis. 574, 203 N. W. 362. *In view of the fact that under rule (Section) 263.15 as amended by order promulgated June 29, 1933, all claims arising from the occurrence out of which the action arose may be litigated in one action, it is rather difficult to see how it can be said that the consolidation of these actions for the purposes of trial constituted an abuse of discretion or was erroneous.*" (Italics ours.)

The italicized sentence is of particular interest to us in the light of rule II of this court (Rem. Rev. Stat., § 308-2 [P. C. § 8676-5]) and the construction placed upon it in *Koboski v. Cobb*, 161 Wash. 574, 297 Pac. 771.

In that case, two minors, by their guardian *ad litem*, joined in one action to recover damages resulting from the same automobile collision. Defendant demurred on the ground of misjoinder of causes of action. Holding the demurrer had been properly overruled, the court said:

"Rule II of this court, adopted January 14, 1927, Rem. 1927 Sup., § 308-2, provides:

" '1. All persons may be joined in one action, as plaintiffs, in whom any right to relief in respect of, or arising out of, the same transaction or series of transactions, is alleged to exist, whether jointly, severally or in the alternative, where, if such persons brought separate actions, any common question of law or fact would arise; . . .

" '3. No action or proceeding shall be defeated by the nonjoinder or misjoinder of parties.'

"The case now before us clearly comes within this rule. The two causes of action arose out of the same transaction, and the questions of fact pertaining to the two were the same. The court did not err in overruling the demurrer to the complaint."

Under this holding, *Bishop v. Bishop,* 164 S. C. 493, 162 S. E. 756, upon which relator puts much reliance, is rendered completely inapposite. In that case, the trial court consolidated for trial five cases, arising out of a collision between two automobiles, brought by different plaintiffs against the same defendant. The supreme court held the order of consolidation erroneous. The holding, however, was put upon the ground that, under the South Carolina Practice Act, the plaintiffs could not have joined their causes in one suit.

Accepting the logical consequence of our holding in *Koboski v. Cobb, supra,* we are satisfied the trial court had the power to consolidate these cases for trial, and that, in so doing, it did not abuse its discretion.

Order affirmed.

MAIN and HOLCOMB, JJ., concur.

BEALS, J. (concurring)—I am in accord with the foregoing opinion, and in addition wish to say that I do not see how it can be held that the trial court abused its discretion in doing what the plaintiffs themselves might have done under the rule.

MILLARD, C. J., dissents.