[No. 29483. Department One. March 2, 1945.]

VICTOR SALO, *Respondent*, v. THOMAS NELSON, *Appellant*.[1]

*Fred M. Bond,* for appellant.

*John J. Langenbach,* for respondent.

JEFFERS, J.—This action was instituted by Victor Salo to recover the principal and interest due on a promissory note from the maker, Thomas Nelson. The note, introduced in evidence as plaintiff's exhibit A, is dated February 2, 1937, and is signed by Thomas Nelson. By the terms of this instrument, Thomas Nelson agreed to pay to the order of

[1]Reported in 156 P. (2d) 664.

Victor Salo, sixty days after date, the sum of two hundred dollars with interest thereon at the rate of eight per cent per annum from February 2, 1937, interest to be payable at maturity. Endorsed on the note, under date of July 13, 1942, is a payment of fifty dollars. In addition to the usual provisions, the complaint alleged that the payment of fifty dollars on July 13, 1942, paid the interest to March 13, 1940.

Plaintiff demanded judgment against the defendant for the principal sum of two hundred dollars, with interest thereon at eight per cent per annum from March 13, 1940, and for his costs and attorney's fees. Defendant, by his answer, admitted that he executed and delivered this note to plaintiff and that on July 13, 1942, he paid the sum of fifty dollars for interest, and he denied the other allegations of the complaint.

As an affirmative defense and cross-complaint, defendant alleged, in substance, as follows: That on February 2, 1937, at the time said note was executed, defendant did not secure from plaintiff any sum in excess of one hundred dollars, it being agreed that the other one hundred dollars was for interest, or bonus, for the use of said one hundred dollars, which agreement was illegal and contrary to law.

Defendant further alleged that said note, being for two hundred dollars, is usurious in so far as one hundred dollars of the same is concerned, and that therefore this defendant is entitled, under the statutes of this state, to have offset, or recover, the sum of one hundred dollars. In other words, there would be nothing due upon the principal of said note or the sum of one hundred dollars received.

Defendant further alleged that, having paid the sum of fifty dollars upon the interest, he is entitled to receive from plaintiff double the amount of such interest, or the sum of one hundred dollars; that, in addition thereto, he is entitled to receive double the amount of eight per cent on one hundred dollars, or sixteen dollars, per year from February 2, 1937, or one hundred twelve dollars, making a total of two hundred twelve dollars; for which recovery is sought by defendant in his cross-complaint.

Plaintiff, by his reply, denied the affirmative matter set up in the cross-complaint.

The cause came on for trial before the court and jury on May 16, 1944, and on said last-mentioned date the jury returned a verdict in favor of plaintiff for the sum of two hundred dollars, together with interest thereon at eight per cent per annum from March 15, 1940.

Defendant filed a motion for new trial, which was denied by an ordered entered June 22, 1944. No affidavits were filed in support of the motion for new trial. On the last day above mentioned, the court entered a judgment on the verdict.

Defendant has appealed from the judgment entered and assigns error in permitting appellant to be cross-examined, over his objection, as to what property he had at the time of trial; in refusing to submit to the jury the following special interrogatory, "What amount does the jury find that the plaintiff delivered to the defendant"; in refusing to grant a new trial; and in entering judgment against appellant.

We shall first discuss appellant's second assignment of error based on the refusal of the court to submit to the jury the following special interrogatory: "What amount does the jury find that the plaintiff delivered to the defendant on the promissory note?"

It is apparent that the question to be determined by the jury was whether or not, at the time this note was executed, the appellant received from respondent two hundred dollars in cash or only one hundred dollars as claimed by appellant. While we are of the opinion that we could hold, strictly as a matter of law, based on the decisions of this court, that the trial court committed no error in refusing to submit this interrogatory to the jury, we will refer to enough of this record to show that, even if this question were subject to the review by this court, there was no abuse of the court's discretion in this case.

Respondent, who is a fisherman and has lived at Ilwaco for many years, testified, in substance, that appellant, whom he had known for some years, came to his home in Ilwaco and wanted to borrow two hundred dollars; that appellant

filled out the note on the date it bears, signed it, and gave it to respondent; and that, at that time and place, respondent gave appellant two hundred dollars, as evidenced by the note.

Respondent further testified that appellant never denied liability on the note, but, to the contrary, on at least three different occasions he admitted such liability in writing, as evidenced by three letters from appellant to respondent, dated July 1, 1942, September 16, 1942, and February 23, 1943; that appellant at the time of making the payment of fifty dollars raised no question as to his liability on the note. This payment of fifty dollars is the only payment ever made on the note, although repeated demands were made by respondent for payment.

Appellant admits that he made out the note and signed it, as testified to by respondent. Appellant also admits that, on July 13, 1942, he paid fifty dollars for interest.

Appellant's version of what transpired at respondent's home at the time this note was executed is shown by the following testimony of appellant:

"Q. State what your conversation was to Mr. Salo in regard to the loan? A. I went there to borrow $100 from him and he said he wanted $200 for the use of the $100, and also interest on the $200 before he would loan me the $100. I wrote out the note to him. He said he had to get it down town; so I don't know where he got it, he went down town to get it and met me at the postoffice and gave me the $100."

Appellant further testified that he received no money at respondent's home, and that one hundred dollars was all he ever received from respondent for the note.

Mr. Farnsworth, a witness called by appellant, testified that he rode to Ilwaco that day with appellant in appellant's truck; that he got out downtown and did not see appellant until sometime later when appellant picked him up and they drove down near the post office; that appellant stopped the truck and got out and met respondent; that he saw respondent give appellant some money, he did not know the amount; that he did not hear what was said by appellant or respondent.

Respondent denies that he went downtown to get the money for appellant, and he denies that he ever gave the appellant any money in the manner as testified to by appellant. He denies appellant's version of the transaction. He also stated that he did not know Farnsworth and that he could not recall ever having seen him.

The jury was properly instructed on the issues presented, including the claimed defense of usury.

It is apparent from the verdict of the jury that they believed respondent's testimony and concluded that respondent gave appellant two hundred dollars as evidenced by the note, and not one hundred dollars as claimed by appellant, since, by their verdict, the jury awarded to respondent two hundred dollars and interest as asked for in the complaint.

It seems to us, therefore, that the jury, by their verdict, indicated how much money was received by appellant from respondent. We have repeatedly held that the matter of submitting, or not submitting, special interrogatories to a jury is a matter entirely within the discretion of the trial court and will not be reviewed upon appeal. *Child v. Hill*, 155 Wash. 133, 283 Pac. 1076; *Schirmer v. Nethercutt*, 157 Wash. 172, 288 Pac. 265; *Ackerson v. Hama Hama Logging Co.*, 164 Wash. 671, 4 P. (2d) 638.

The assignment of error is without merit.

The appellant, in his brief, discusses the question of usury. This question was settled by the verdict. No motion for judgment notwithstanding the verdict was made in this case.

The next assignment of error is based upon the contention that respondent was permitted to examine appellant on cross-examination as to what property he had at the time of the trial, it being argued by appellant that, under the issues in this case, it was entirely immaterial what property appellant had at the time of the trial, as the sole question between appellant and respondent was whether appellant received one hundred dollars cash upon this note, or two hundred dollars.

We will set out the questions and answers and the trial court's rulings thereon, upon which this claim of error is

predicated. The following questions were the first ones asked by counsel for respondent in the cross-examination of appellant:

"Q. What is your business? A. Oystering, different methods of canning— Q. Do you operate a cannery? A. Yes. Q. How large a cannery? A. A small cannery about 100 case capacity. Q. Do you own any oyster beds? A. Yes."

No objection was made by appellant to any of the foregoing questions.

"Q. How many? Defendant objects for the reason that the same is incompetent irrelevent and immaterial. Objection overruled. MR. BOND: We take an exception, it has nothing to do with this case, he might ask him if he was worth a million dollars. Objected to as incompetent irrelevent and immaterial. Objection overruled. Defendant excepts. MR. LANGENBACH: Q. How many acres of oyster beds do you own? A. Approximately 100 acres. Q. Do you own your home premises? Defendant objects for the reason that the same is incompetent irrelevent and immaterial. Objection overruled. Defendant excepts. A. Well I guess I do, I owe $1000 on the property yet to Mr. Nettleton, but it seems to me you are getting kind of deep on that. MR. LANGENBACH: We move that the last statement be stricken. THE COURT:. The jury are instructed to disregard the last statement of the witness. MR. LANGENBACH: What value do you place on your home furnishings? Defendant renews last objection. Sustained."

While there were other questions propounded to Mr. Nelson on cross-examination relative to his financial condition at the time this note was executed, we think it must be conceded that the foregoing question pertained to his financial condition at the time of trial. The question to be considered is not alone whether it was error to permit the question to be answered, but did it constitute reversible error?

█ The trial court has considerable discretion in the cross-examination of a witness. He also has some discretion in what may be termed preliminary questions. It will be noted that appellant objected to only three questions. To the first question objected to, appellant answered, "Ap-

proximately 100 acres." To the second, "Do you own your home premises?" appellant answered, "Well I guess I do, I owe $1000 on the property yet to Mr. Nettleton, but it seems to me you are getting kind of deep on that." And on the question "What value do you place on your home furnishings?" the court sustained an objection.

■ Admitting that the questions were immaterial and irrelevant herein, and that appellant's objections should have been sustained, can it be said that the overruling of the objections and the admission of the testimony constituted reversible error under the record? We think not.

The jury was apprised by the letters (exhibits B, D, and E) written by appellant to respondent, which letters were admitted without objection, that appellant was operating a cannery and selling oysters; and in the letter of February 23, 1943, appellant stated that he had sold one of his oyster beds and was having an abstract prepared, and that when this was done he would settle on his note.

We are of the opinion, after an examination of the record, that appellant was accorded a fair trial; that there was ample evidence to support the verdict, and that no error was committed by the trial court which would entitle appellant to a new trial.

The judgment of the lower court is affirmed.

BEALS, C. J., MILLARD, STEINERT, and GRADY, JJ., concur.