[No. 32334.   Department One.   December 18, 1952.]

THE STATE OF WASHINGTON, *on the Relation of Edward Sperry et al., Plaintiff,* v. THE SUPERIOR COURT FOR WALLA WALLA COUNTY *et al., Respondents.*[1]

*Cameron Sherwood* and *Robert A. Comfort,* for relators.

*Moulton, Powell, Gess & Loney, Tuttle & Luce,* and *Minnick & Hahner,* for respondents.

PER CURIAM.—This matter arose out of a series of automobile collisions which occurred in a dust cloud on a highway in Walla Walla county. A motor vehicle operated by A. L. Johnson stopped on the main traveled portion of the highway in the dust cloud. The motor vehicle of George T. Rudd collided with the rear of the Johnson vehicle, following which the motor vehicle operated by Martin R. Ewer attempted to pull the Rudd vehicle off the highway. While so engaged, R. C. Lloyd's automobile collided with the Rudd vehicle. Then the following collisions occurred, one immediately after the other: the motor vehicle of Edward Sperry collided with the Lloyd vehicle; the motor vehicle of Uno J. Juhola collided with the Sperry vehicle; the motor vehicle of Ralph P. Gorton collided with the motor vehicle of Juhola.

As a result of these collisions, three separate actions were filed. Cause No. 38095, in which Martin R. Ewer is plaintiff, named nine parties defendant, involves three collisions, con-

[1]Reported in 251 P. (2d) 164.

tains four causes of action by way of complaint, one cause of action by way of cross-complaint, and eight separate and affirmative defenses. Cause No. 38456 in which R. C. Lloyd is plaintiff and Edward Sperry is defendant, contains two causes of action by way of complaint and four separate and affirmative defenses. Cause No. 38480, in which Edward Sperry is plaintiff, is against fourteen parties defendant, contains seven causes of action by way of complaint, one cause of action by way of cross-complaint, and fourteen separate and affirmative defenses.

Relators applied to the superior court for Walla Walla county to have the three cases consolidated for trial. After considering the matter, the trial court denied the motion for consolidation. Relators then applied to this court for an alternative writ of certiorari, which was granted, specifying the return day of November 28, 1952, and directing respondents to comply with the writ, or in the alternative to show cause why they should not do so. The record of all proceedings was sent to this court and reviewed by us.

█ Whether or not cases should be consolidated for trial is a matter within the discretion of the trial court. We do not feel inclined to interfere with the method in which a trial court handles its own affairs, unless there has been a clear abuse of discretion. It is the trial court's responsibility to arrange its trial calendar and to determine in what manner the cases can be most expeditiously and fairly tried in order that justice can be given to all of the parties.

Our examination of the record fails to convince us that there was an abuse of discretion by the court in this matter.

The order of the trial court denying the motion for consolidation of actions is affirmed, and the alternative writ of certiorari heretofore issued by this court is quashed.