[No. 36578.   Department One.   July 3, 1963.]

DALE E. SMITH *et al., Respondents,* v. S & F CONSTRUCTION
COMPANY, INC., *Appellant.*[*]

*Cashatt, Williams, Connelly & Rekofke,* for appellant.

*Fredrickson, Maxey & Bell,* by *Leo H. Fredrickson,* for
respondents.

HUNTER, J.—This is an appeal on a short record from a
judgment entered upon a jury verdict for the plaintiffs
(respondents) in an action against the defendant (appel-
lant) for the maintenance of a nuisance.

The only question presented by the defendant's state-
ment of points and brief on appeal relates to whether the

[*] Reported in 383 P. (2d) 300.

verdict of the jury was sufficient to support the judgment entered by the trial court. The defendant contends the trial court erred in extensively questioning the jurors after two jury polls had disclosed that only 9 jurors, instead of 10, agreed with the verdict as read by the jury foreman.

The facts necessary to this issue are as follows:

After both parties rested their case, the court instructed the jury that when 10 jurors could agree on a verdict they were to have it signed by the foreman and were to return with it to the court. Realizing the jury might deliberate until late afternoon or early evening before reaching an agreement, the parties stipulated that the verdict, as signed by the foreman, could be sealed and retained by him until the following morning when court reconvened. This the foreman did.

On the following morning, the court asked the foreman if a verdict had been reached, to which he answered affirmatively. The verdict was then read and the jurors polled, asking each one whether, first, this was his verdict and, second, that of the jury. Upon being polled, three of the jurors answered that it was not their verdict, but it was the verdict of the jury. By agreement of the parties, the jury was re-polled and the same three jurors reiterated their previous answers.

The defendant then moved the court to dismiss the jury and hold the verdict void. The motion was denied and the court proceeded to interrogate the foreman. In response to the court's questioning, the foreman said that 10 jurors had agreed to the verdict the night before, as was evidenced by the fact that, when polled, all 12 jurors agreed to this effect. The trial judge then stated that he would try to "see if the situation [could] be clarified."

After examining one of the three dissenting jurors, the court asked juror No. 9, Mrs. Baker, if she had agreed to the verdict the night before, to which she answered affirmatively. The court then proceeded to find out if she had changed her mind since that time and to resolve the patent inconsistency in her previous answers to the polling

questions in which she stated, in effect, that, although the verdict as read by the foreman was not her verdict, it was the verdict of 10 jurors.

A trial court is justified in making such inquiry of jurors as to enable it to understand their will and intention, and their answers to such inquiry will be looked upon as an aid in the rendering of a proper judgment. *McFarlane v. Chicago, Milwaukee & St. Paul R. Co.*, 129 Wash. 230, 224 Pac. 581 (1924); *Cameron v. Stack-Gibbs Lbr. Co.*, 68 Wash. 539, 123 Pac. 1001 (1912). The trial court was therefore justified in clarifying the situation created by Mrs. Baker's inconsistent answers. The trial judge was not required to send the jury back immediately for further deliberation, *McFarlane v. Chicago, Milwaukee & St. Paul R. Co.*, *supra*, but properly attempted to determine the true import of Mrs. Baker's answers.

The defendant contends the trial court, having polled the jury twice, should not have interrogated Mrs. Baker thereafter, making several references to her previous assent to the jury verdict, as this constituted an influence upon her verdict.

Although the record discloses that the interrogation of Mrs. Baker may have been more extensive than necessary and was to a certain extent repetitious, we believe she was not influenced by the court. It is clear that the trial judge merely pursued his duty to satisfy himself that the ambiguity in the juror's earlier answers had been absolutely resolved. After Mrs. Baker affirmatively answered that she was in agreement with the jury's verdict, which was against the defendant, the further interrogation by the court could not have prejudiced the defendant since any change in the result of her answer could have been only to its benefit.

The judgment of the trial court is affirmed.

OTT, C. J., ROSELLINI, and HALE, JJ., and WHITFIELD, J. Pro Tem., concur.