[No. 37062.   En Banc.   September 2, 1965.]

MARJORIE L. HAWLEY, *as Administratrix, Appellant,* v. CHESTER LEROY MELLEM *et al., Respondents.**

*Reported in 405 P.2d 243.

*Quackenbush, Dean & Beschel* and *Robert P. Beschel*, for appellant.

*Paine, Lowe, Coffin, Herman & O'Kelly*, by *Edwin R. Roberts*, for respondents.

Ott, J.—The vehicular collision out of which this action arose occurred in the intersection of Second Avenue and Maple Street in Spokane on December 30, 1961, at approximately 9 o'clock in the morning. Both Second Avenue and Maple Street were three-lane, one-way arterials, with a speed limit of 30 miles an hour. The day was bright and clear; however, visibility at the intersection was limited by an overpass abutment.

The intersection was regulated by standard, automatically controlled signal lights, the component colors of which were green, amber, and red. These lights operated on a preset time cycle, and were synchronized with similar signal lights at the various north-south streets intersecting Second Avenue, so that vehicles traveling at a speed of from 24 to 25 miles an hour could move along Second Avenue without stopping.

The drivers of the two vehicles involved in the accident were Russell L. Hawley, who was proceeding westerly on Second Avenue, and Chester L. Mellem, who was traveling south on Maple Street. Lyle Hawley, a brother of Russell Hawley, was riding as a guest passenger in the Hawley vehicle. Both vehicles entered the intersection without stopping, and collided.

Lyle Hawley died as a result of injuries received in the collision, and his widow, Marjorie L. Hawley, as administratrix of his estate, initiated this action for wrongful death, asserting negligence on the part of Chester Mellem.

Following commencement of the wrongful death action, Chester Mellem instituted a separate action against Russell L. Hawley and his wife, alleging that the accident was occasioned by the negligence of Russell Hawley. The Russell Hawleys denied that they were negligent, and sought to recover for damage to their vehicle, alleging negligence on the part of Chester Mellem. Chester L. Mellem, Russell L. Hawley, and Marjorie L. Hawley will hereinafter be referred to as though they were the sole parties involved.

Chester Mellem moved that the court consolidate the two actions for trial. The motion was granted over Marjorie L. Hawley's objection.

In the action instituted by Chester Mellem against Russell Hawley, the jury denied recovery to both parties, and neither party has appealed from that judgment.

In the wrongful death action, the jury returned a verdict for defendant Mellem, and, from a judgment based upon the verdict, Marjorie L. Hawley appeals.

Appellant first assigns error to the court's consolidation of the two causes of action for trial.

In *State ex rel. Sperry v. Superior Court*, 41 Wn.2d 670, 251 P.2d 164 (1952), relied upon by appellant, the trial court refused to consolidate 3 actions arising from 3 collisions and involving a total of 14 different defendants, 13 causes of action, 2 cross complaints, and 26 affirmative defenses. The actions were so numerous and complex that this court held it was not an abuse of discretion to refuse

to consolidate the actions. There was no such complexity in the case at bar—only 2 claims and a cross claim were involved. The jury was specifically instructed that, although the causes were consolidated for trial, the evidence in each case was to be considered separately.

■ Consolidation of claims for trial is within the sound discretion of the trial court. *Sage v. Northern Pac. Ry. Co.,* 62 Wn.2d 6, 380 P.2d 856 (1963); *State ex rel. Shaffer v. Superior Court,* 184 Wash. 316, 50 P.2d 917 (1935). In *State ex rel. Sperry v. Superior Court, supra,* we said, p. 671:

> Whether or not cases should be consolidated for trial is a matter within the discretion of the trial court. We do not feel inclined to interfere with the method in which a trial court handles its own affairs, unless there has been a clear abuse of discretion. It is the trial court's responsibility to arrange its trial calendar and to determine in what manner the cases can be most expeditiously and fairly tried in order that justice can be given to all of the parties.

In the case at bar, all of the claims arose out of the same accident. Had the claims been separately tried, it would have been necessary to call the same witnesses on the issue of liability in both trials. The instant case involved five trial days. Applying the test announced in the *Sperry* case, *supra,* appellant has not shown that the causes were not expeditiously and fairly tried, or that the court abused its discretion in consolidating the two actions for trial.

The second assignment of error relates to the giving of the last paragraph of instruction No. 16. This instruction was as follows:

> As previously stated, "proximate cause" means that cause which in a direct unbroken sequence produces the injury complained of and without which such injury would not have happened. In this connection you are instructed that there can be more than one proximate cause of an accident or injury. Thus, the acts and omissions of two, or more persons may occur concurrently as an efficient cause of an injury and in such a connection each of the participating acts or omissions is regarded in the law as a proximate cause. This is true, regardless of the relative degree of the contribution. It is no defense for

one of such persons that some other person is joined as a defendant in the action and participated in causing the injuries, or in a separate action, even if it should appear to you that the negligence of the other person was greater in either its wrongful nature or its effect.

Therefore, in this case, if you find from the evidence that the defendant, Chester L. Mellem was negligent and that such negligence, if any, was a proximate cause of the injuries and damages sustained by the plaintiff, Marjorie L. Hawley, as Administratrix, and if you find further that Russell Hawley was negligent and that the negligence of Russell Hawley was also a proximate cause combined with the negligence of the defendant, Chester L. Mellem, then and in that event your verdict should be for the plaintiff, Marjorie L. Hawley as Administratrix of the Estate of Lyle Hawley.

However, if you find that the accident causing Lyle B. Hawley's death was solely and proximately caused by the negligence of the driver of the car in which he was riding, namely Russell L. Hawley, and that it was not proximately caused by any negligence on the part of Chester L. Mellem, then Marjorie L. Hawley is barred from recovery and your verdict on her complaint must be for Chester L. Mellem.

In support of her contention, appellant relies upon *Knight v. Borgan*, 52 Wn.2d 219, 324 P.2d 797 (1958). In the cited case, a guest brought an action against the driver of a vehicle which collided with that driven by her host. The defendant driver proposed the following instruction:

"In the event that you find that the sole proximate cause of the collision and resulting injuries and damages to the plaintiffs was some *negligent* act of the driver of the car in which plaintiff Mildred A. Knight was riding *as alleged in defendant's answer*, then you shall return a verdict for the defendant."

We there held that it was not error to refuse the instruction because the negligence of the host driver was not involved. In the instant case, the negligence of the host driver was material in the action commenced by Chester Mellem against the host, Russell Hawley.

Instruction No. 15 expressly admonished the jury *not* to

consider any alleged acts of negligence on the part of Russell Hawley in Marjorie Hawley's action against Chester Mellem. Instruction No. 15 was as follows:

> You are instructed that as a matter of law, the decedent Lyle Hawley, was a guest in the car being driven by his brother, Russell Hawley. Therefore, any act of *negligence, if any,* in the operation of the 1950 Chevrolet Sedan *by Russell L. Hawley, shall not be considered* by you in your deliberations as to the right of the plaintiff, Marjorie Hawley to recover herein. *The sole issue involved in determining whether Marjorie Hawley is entitled to a verdict against the defendants, Mr. and Mrs. Chester Mellem, is whether or not the collision herein was proximately caused as a result of an act or acts of negligence on the part of the defendant, Chester Mellem.* (Italics ours.)

There is no ambiguity in this instruction. It clearly states the law applicable to appellant's claim. The instructions must be considered as a whole. *Owens v. Anderson,* 58 Wn.2d 448, 452, 364 P.2d 14 (1961); *Myers v. West Coast Fast Freight, Inc.,* 42 Wn.2d 524, 529, 256 P.2d 840 (1953). Considering instruction No. 16 together with instruction No. 15 and the other applicable instructions given by the court, the jury was properly instructed as to the law. The court did not err in giving instruction No. 16 in its entirety.

Appellant next contends that the trial court erred in failing to clarify the instructions after being requested to do so by the foreman of the jury. The circumstances surrounding this request are set forth in the trial judge's memorandum opinion as follows:

> As to the request of the jury for some clarification of the instructions, the facts are that after the jury had been deliberating for some time, the foreman knocked on the door of the deliberating room and asked the bailiff for permission to talk to the judge about a question which had arisen concerning some of the instructions. The bailiff informed the foreman that the jury could not talk to the judge nor the judge to the jury unless all counsel were present, and that since at that time counsel had left the courthouse it would take considerable time to arrange for everybody to get together. This apparently satisfied the juror, and no further request was made. In any event

it now appears that the answer to the question which the jury then had is to be found in the instructions themselves.

The foreman of the jury was advised by the bailiff how clarification, if desired, could be accomplished. No further request for clarification was made by the foreman. In the absence of a further request, we must assume, as did the trial court, that the jury resolved the matter by a further study of the instructions.

We find no merit in this assignment of error.

■ Appellant asserts that the trial court erred in refusing to submit special interrogatories to the jury. The giving of special interrogatories as a part of the instructions to a jury is within the sound discretion of the trial court. *Sage v. Northern Pac. Ry Co.*, 62 Wn.2d 6, 380 P.2d 856 (1963); *Salo v. Nelson*, 22 Wn.2d 525, 156 P.2d 664 (1945). Appellant considered and waived her right to request special interrogatories as a part of the instructions to the jury, before the instructions were given. After the jury had returned its verdict and had been polled, the appellant then requested that special interrogatories be submitted.

■ When the verdict of a jury is consistent with the pleadings, the evidence, and the instructions of the court, all issues are resolved and inhere in the verdict. Special interrogatories to explain a verdict are improper. *Coleman v. George*, 62 Wn.2d 840, 384 P.2d 871 (1963); *Gardner v. Malone*, 60 Wn.2d 836, 376 P.2d 651 (1962).

We find no merit in this assignment of error.

Appellant further asserts that the jury's verdicts are inconsistent. She contends that, in the action involving Chester Mellem and Russell Hawley, the jury must have found both parties negligent, since neither recovered against the other; therefore, if Chester Mellem was negligent or guilty of contributory negligence, liability in the wrongful death action would follow as against Chester Mellem.

■■ The fallacy in this argument is that the jury could have denied damages to the parties in both actions because they failed to sustain the burden of proof. Negligence

is not presumed simply because there was an accident. One who asserts negligence has the burden of proving it to the satisfaction of the jury by a fair preponderance of the evidence. *Wilson v. Northern Pac. Ry. Co.,* 44 Wn.2d 122, 265 P.2d 815 (1954); *Hutton v. Martin,* 41 Wn.2d 780, 252 P.2d 581 (1953).

The jury, in appellant's case, could have found that she failed to prove, by a fair preponderance of the evidence, that Chester Mellem was negligent; likewise, in the action involving Chester Mellem and Russell Hawley, that neither had sustained his burden of proof as against the other.

The jury was properly instructed on the burden of proof and the evidence required to sustain that burden, and was further instructed that

The law does not permit you to guess or speculate as to the cause of the accident in question. If the evidence is equally balanced on the issues of negligence or proximate cause so that it does not preponderate in favor of the party making the charge, then he or she has failed to fulfill his burden of proof, and your finding must be against the party making such charge. Instruction No. 17.

The trial court, in denying the motion for a new trial, concluded that the jury, in following instruction No. 17, *supra,* had found that the evidence was equally balanced on the issue of negligence, and that "neither had sustained the burden of proving by a fair preponderance of the evidence that the other was negligent." We agree with the trial court.

■ To accuse a person of the wrongful death of another is a most serious charge. The jury, as instructed, refused "to guess or speculate" that Chester Mellem had caused the death of Lyle Hawley. Where there is substantial evidence to sustain the jury's verdict, it will not be disturbed on appeal. *Allen v. Fish,* 64 Wn.2d 665, 393 P.2d 621 (1964), and case cited. Applying this rule to the facts in the instant case, the evidence sustaining the jury's verdict was substantial. Two witnesses testified that they were following Russell Hawley's vehicle as it proceeded west on Second Avenue, and that the signal light was red when

Mr. Hawley entered the intersection. They also testified that Russell Hawley did not slow down when he entered the intersection. Chester Mellem testified that he entered the intersection on a green light. Another witness, who was following Chester Mellem's vehicle, testified that Mr. Mellem entered the intersection on either a green or an amber light.

A jury is the trier of the facts. Whether negligence is established by a fair preponderance of the evidence, or whether the evidence is "equally balanced," is a factual determination reposed exclusively in the jury by the constitution and laws of this state. Const. art. 1, § 21; RCW 4.44.090. The jury, in performing its constitutional function, found that the alleged negligence of Chester Mellem had not been proved by a fair preponderance of the evidence. The verdicts were not inconsistent.

We have considered appellant's two remaining assignments of error and find them to be without merit.

The judgment is affirmed.

ROSELLINI, C. J., HILL, DONWORTH, WEAVER, and HALE, JJ., concur.

HAMILTON, J. (dissenting)—Lyle Hawley, while riding as a guest passenger in Russell Hawley's automobile, was fatally injured in an intersection collision giving rise to this litigation. Chester Mellem was the driver of the other vehicle involved in the accident. Both vehicles entered the controlled intersection without stopping and collided midway therein. Neither driver observed the other until an instant before impact.

The administratrix of Lyle Hawley's estate, asserting negligence on the part of Chester Mellem, initiated this action on behalf of the estate. In this action, Chester Mellem denied any negligence on his part.

Chester Mellem then instituted a separate action against Russell Hawley and wife, asserting negligence on Russell Hawley's part and seeking recovery for personal injuries and vehicular damage. The Russell Hawleys, represented by

their own counsel, counterclaimed for damage to their vehicle claiming negligence on the part of Chester Mellem.

Chester Mellem thereafter moved to consolidate the two actions for trial. The motion was granted over objection of the administratrix, and the two actions were tried before the same jury, with the jury instructed to consider them as separate actions and to return separate general verdicts.

In this, the administratrix' action, the jury returned a verdict for defendant, Chester Mellem. In the action instituted by Mr. Mellem, the jury denied recovery to both parties.

At the time of receiving the verdicts, the trial court expressed the thought that they might be inconsistent, whereupon the administratrix requested the trial court to interrogate the jury as to its intent. Chester Mellem objected, and the trial court thereupon discharged the jury without inquiry. The post-trial motions of the administratrix were denied, and separate judgments were entered upon the respective verdicts. This appeal is waged upon the judgment in the administratrix' action. Neither party has appealed from the judgment entered in the action instituted by Chester Mellem.

On appeal, it is the contention of the administratrix that the trial court erred in denying her motion for judgment notwithstanding the verdict or, in the alternative, for a new trial, upon the basis that the two verdicts are inconsistent and irreconcilable. The gist of her argument is that since the jury denied recovery to both parties in Chester Mellem's action against Russell Hawley, it perforce found Chester Mellem guilty of contributory negligence proximately causing the accident, which, in the action initiated by the administratrix, would be tantamount to primary negligence rendering Chester Mellem liable, regardless of any negligence on the part of Russell Hawley. This argument emanates from the rule of law that, in an action between a vehicular passenger and a third-party driver, the negligence of the host-driver is not imputable to the passenger, unless the passenger occupies a position of authority or control over the host-driver. *Allen v. Walla Walla*

*Valley Ry. Co.*, 96 Wash. 397, 165 Pac. 99; *Winston v. Bacon*, 8 Wn.2d 216, 111 P.2d 764; *Knight v. Borgan*, 52 Wn.2d 219, 324 P.2d 797. There is no contention in the instant case that Lyle Hawley exercised any authority or control over Russell Hawley.

In denying the post-trial motions interposed by the administratrix and the assignments of error directed thereto, the trial court and the majority of this court opine that the verdicts are reconcilable upon the premise that the jury could have concluded that none of the parties sustained their burden of proving either of the drivers negligent. In short, it is the position of the trial court and the majority that (a) the administratrix, in this action, and Russell Hawley, on his counterclaim in the Mellem-Hawley action, failed to establish any causal negligence on the part of Chester Mellem; and (b) that Chester Mellem, in the Mellem-Hawley action, failed to establish any causal negligence on the part of Russell Hawley.

I can agree with the trial court and the majority that it is possible the jury could, under the instructions given, have arrived at a conclusion that one or the other of the parties had failed to sustain their burden of proving the opposing driver guilty of any negligence proximately causing the accident. I cannot agree, however, that it is a realistic probability that the jury could have logically arrived at a conclusion that the evidence was insufficient to permit a finding that neither driver was guilty of any negligence proximately causing the accident, *for the evidence indisputably establishes the collision involved occurred within the controlled intersection, that one of the drivers entered the intersection against a red light, and that neither driver saw the other until the instant before or at impact.*

The conclusion is inescapable that at least one, if not both, of the drivers was or were negligent, and that such negligence was a proximate cause of the accident.

The fact that split-second timing may be hypothesized, with respect to traffic signal changes, or that the evidence was conflicting upon the crucial issue of which driver en-

tered the intersection against the red light, or that the jury may have wished to avoid deciding the issue, simply does not dissolve the established elements of negligence and proximate cause. The ultimate fact that one or both drivers was or were negligent hardly rests in the realm of "guess or speculation," and a jury should not be permitted to abdicate its responsibility of deciding the issues involved upon the basis that the evidence was "equally balanced." *Cf. Dods v. Harrison,* 51 Wn.2d 446, 319 P.2d 558.

In my opinion the verdicts denying recovery to all parties were, therefore, contrary to the establishd facts in the case and, under the circumstances, clearly incompatible.

The jury, too, must have realized, during its deliberations, that its proposed verdicts would be inconsistent with the facts and with the law as contained in the instructions, for it sought clarification. This was denied to it, and I have no quarrel with the learned trial judge's action in this respect. The fact remains, however, that upon receiving the verdicts the trial judge recognized and pointed out the inconsistency, and was requested by the administratrix to interrogate the jury as to the intent of the verdicts. This the trial judge had authority to do. RCW 4.44.400, .460; *Smith v. S & F Constr. Co., Inc.,* 62 Wn.2d 479, 383 P.2d 300. Interrogation of the jury at this point would have either clarified beyond dispute any ambiguities relative to its intent or it would have permitted correction of the apparent inconsistency. Chester Mellem, however, objected to this procedure, and the trial judge acceded to his objection. The jury having been discharged, it is now too late to "second guess" it or to otherwise correct the inconsistency, short of a new trial. *Quarring v. Stratton,* 85 Wash. 333, 148 Pac. 26.

Chester Mellem asserts, though, that, the actions being separate and severable, the verdicts must be treated as if the actions were in fact tried separately to separate juries. In this he finds support in the rule accepted by the courts of Arkansas, Idaho, Missouri, New Mexico, and New Jersey. That rule is stated in *Aragon v. Kasulka,* 68 N.M. 310, 312, 361 P.2d 719, as follows:

While it is a well-settled principle that verdicts must be consistent, there is no legal requirement of consistency where separate cases are consolidated for trial. In the trial of consolidated cases, absent error in the pleading, proof, or submission of the action, "each case retains its distinctive characteristics and remains separate in respect of * * * verdicts, findings, judgments, and all other matters except the one of joint trial." 88 C.J.S. Trial § 6; Page v. Hamilton, Mo., 329 S.W. 2d 758; Rudolph v. Mundy, 226 Ark. 95, 288 S.W. 2d 602; Brown v. Parker, 217 Ark. 700, 233 S.W. 2d 64; Baldwin v. Ewing, 69 Idaho 176, 204 P. 2d 430; Paolercio v. Wright, 2 N.J. 412, 67 A. 2d 168; Malinauskas v. Public Service Interstate Transp. Co., 6 N.J. 269, 78 A.2d 268, 272.

I am, however, drawn to the more practical and realistic approach inherent in the reasoning found in the case of *Detrixhe v. McQuigg*, 316 P.2d 617 (Okla.), and followed in *Schweitzer v. Stone*, 13 Utah 2d 199, 371 P.2d 201. In rejecting the strictly legalistic doctrine represented by the *Aragon* approach, the *Detrixhe* case states (pp. 619, 620):

What is the effect of this anomaly? If these actions had been tried to separate juries the divergent results probably would not present grounds for reversal. The situation then would merely have pointed out a fact inherent in the jury system, that all human institutions lack perfection. But that such a circumstance might not be grounds for reversal where separate juries had been involved is not a persuasive argument for the proposition that one jury may render irreconcilable verdicts in actions consolidated for trial and thereby so obviously demonstrate its disregard of the court's instructions. The jury has an obligation, it is required to follow the law. Its disposition of an action is not left to the whimsey of the individual members.

. . . .

Some of the authorities cited in support of the judgments contain a verdict whose inconsistency is more apparent than real and which can be explained logically. Brown v. Parker, 217 Ark. 700, 233 S.W. 2d 64, however, is diametrically opposed to our conclusion. The court's conclusion in that case is based upon the premise that since consistency is not required of different juries in separate actions being tried separately, there is no re-

quirement of consistency in consolidated actions tried to the same jury. *Our answer is that the court did not attach sufficient significance to the basic difference involved— only one jury is hearing the evidence* and it cannot at the same moment believe that two totally irreconcilable and inconsistent facts existed. (Italics mine.)

This court has, in fact, inferentially if not directly rejected the strictly legalistic concept of the *Aragon* line of authority in *Maddock v. McNiven*, 139 Wash. 412, 247 Pac. 467, and *Mitchell v. Rice*, 183 Wash. 402, 48 P.2d 949. Speaking of the inconsistency apparent in two verdicts returned in consolidated cases, in the *Maddock* case, *supra*, this court said (p. 415):

But there is another ground upon which the order directing a new trial in each case may be sustained, and that is the manifest inconsistency of the two verdicts. It must be remembered that both cases were tried by the same jurors, and the same evidence on the question of negligence and liability was presented in each case. The jury, in finding for respondents in the first case, must have found that the injury resulted from the negligence of the appellants. Inasmuch as it refused to find anything for the plaintiffs in the second case, which rested upon identically the same testimony with reference to negligence as was before the jury in the first case, and inasmuch as the testimony is undisputed that the deceased lived several days after her injury and suffered pain during at least a part of that time, it is difficult to reconcile the two verdicts. If that in the first case is right, then that in the second case would seem to be wrong; and *vice versa.* It is probable that the trial court was no more able to reconcile these two verdicts than we have been, and, since the same jury brought in both verdicts, it would seem that there is such inconsistency as that the trial court was justified in believing that there was something wrong—a mistake somewhere—and that there had not been a fair trial in one or the other of the cases; which one it would, of course, be impossible for the court to determine.

I would, therefore, hold that where the same jury brings in irreconcilable verdicts in consolidated actions involving similar issues, and the verdicts are not otherwise clarified

by the jury before its discharge, the actions should be considered as one in passing upon appropriate post-trial motions.

Returning then to the instant case, it would ordinarily be appropriate to grant a new trial as to both actions, for it cannot be said which verdict controls over the other. It can with equal force be argued that the jury erred in making up its verdict in either case. However, neither Chester Mellem nor the Russell Hawleys have appealed or cross-appealed from the judgment in the Mellem-Hawley action and that judgment is not before us for appellate disposition. The parties therein are apparently content to let it stand.

Such being the case, only the cause now before us can be remanded for new trial. This I would do.

FINLEY and HUNTER, JJ., concur with HAMILTON, J.

October 15, 1965. Petition for rehearing denied.