The FIRST NATIONAL BANK AND TRUST COMPANY, MUSKOGEE, Oklahoma, Trustee of the Roy M. Johnson Creditors' Trust, Appellant,

v.

EXCHANGE NATIONAL BANK AND TRUST COMPANY, ARDMORE, Oklahoma, a National Banking Association, Appellee.

No. 45687.

Court of Appeals of Oklahoma, Division No. 1.

June 12, 1973.

Rehearing Denied Aug. 28, 1973.

Certiorari Denied Dec. 18, 1973.

Released for Publication by Order of Supreme Court Dec. 19, 1973.

J. D. DeBois, O. L. Peck, Jr., Duncan, Joseph M. Culp, Ardmore, for appellant.

Ben A. Goff, Rhodes, Hieronymus, Holloway & Wilson, Oklahoma City, for appellee.

ROMANG, Judge:

This is an action for the conversion of money belonging to a creditor's trust. A bookkeeper of the trust had deposited checks and monies of the trust in his own account and then used the money to pay his personal indebtedness to the defendant bank. Reference will be made to the parties as they appeared in the trial court.

Jury trial resulted in a verdict for the plaintiff trustee and against the defendant bank in the amount of $39,723.58. This sum did not include $467.58 on which the court had directed a verdict, and consequently judgment was entered for the total sum of $40,191.16.

When the verdict was returned, the following colloquy took place between the trial judge and jury foreman:

"THE COURT: Very well, The Court will accept and file the verdict, as the verdict of the Court in this case. Uh, well, I think counsel would probably have no objection. And I want to ask the question myself before we accept it. When you say the $39,723.58, do you mean, Ladies and Gentlemen, total? Is that principal, interest and partial recovery?

"JURY FOREMAN: This is for the total recovery on the amount of the checks —no interest, no recovery costs, nothing other than the amount of the checks.

"THE COURT: Well, all right. Now do I understand that by that verdict you mean you, uh, that that is not to be added to it, that this is all you want them to recover?

"JURY FOREMAN: Uh, we—we assume that the Court had already awarded the amount of the checks which he designated this morning, and that this is for the sum of the checks that were directed into other accounts—this is for the sum of $40,885.00 and some few cents minus $1,161.00 and I believe 16 cents, of the checks that was in the Court, which would be deducted from the $40,885.00. Now, we understood that the Court had already awarded the amount of the four checks, I believe four checks for the amount of $467.00, and some few cents, minus the check from Gulf Oil Company of $25.25.

"THE COURT: Do I understand that that $476.00 is not included in this figure?

"JURY FOREMAN: Uh, no sir, it is to be with this. In other words, it is not included in this figure, but we thought that had already been awarded.

\* \* \* \* \* \*

"JURY FOREMAN: We felt that due to the fact that neither knew this was transpiring, uh, that there would be no interest on this money, and—"

The verdict was filed on February 17, 1972. Within ten days plaintiff filed a Motion to Increase Judgment Notwithstanding the Verdict. From the order overruling said motion, plaintiff has appealed. Neither party filed a motion for new trial. The defendant bank has paid the $40,191.16 judgment.

The Motion to Increase Judgment Notwithstanding the Verdict, on which this appeal is based, reads in part as follows:

"COMES NOW the Plaintiff and moves the Court to enter judgment here-

in notwithstanding the verdict by allowance of interest in the amount proven of $22,409.67, the sum of $3,000.00 proven as reasonable expenditures for accountants' fees necessary in pursuit of the property, the sum of $1,161.67 for which credit was given the Defendants by the Court in the instruction of the Court, . . ."

The sole issue in this appeal as stated by the defendant, is:

"Should the trial court have sustained Plaintiff's motion to increase the verdict by allowing and entering judgment for the amount of interest from date of the various conversions to date of judgment and for fair compensation for monies properly expended in pursuit of such monies."

Defendant bank asserts in its answer brief as follows:

"The defendant appellee asserts that the ruling of the Trial Judge in overruling the plaintiffs' Motion was correct because (1) no objection was taken by the plaintiff to the verdict at the time it was entered; (2) the statements upon which the appellant relies to show that interest and costs were not allowed are not a part of the record and should not be considered by this Court in considering this appeal; (3) the trial court had no authority to increase the amount of the verdict in this case after the jury had been discharged; (4) it would be impossible from the present state of the record for the Court to properly compute the interest claimed, and (5) the only relief to which the plaintiff might have been entitled was a new trial which he did not request."

Defendant also seeks to uphold the overruling of said motion under four propositions. Defendant's first proposition reads as follows:

"Does the court in a tort action have authority to amend the verdict which was not objected to by either party before the jury was discharged by entering a judgment for damages in an amount greater than that found by the jury?"

Under this proposition defendant contends that an increase in the verdict cannot be made in a tort action, and that all the cases relied upon by plaintiff are contract actions. Defendant further argues that "if the verdict was defective as to substance rather than form, then the proper remedy would have been for a new trial on all issues."

Plaintiff relies on 23 O.S.1971, § 64, which provides as follows:

"The detriment caused by the wrongful conversion of personal property is presumed to be:

"1. The value of the property at the time of the conversion with the interest from that time; or,

"2. Where the action has been prosecuted with reasonable diligence, the highest market value of the property at any time between the conversion and the verdict, without interest, at the option of the injured party; and,

"3. A fair compensation for the time and money properly expended in pursuit of the property."

Plaintiff also relies on 23 O.S.1971, § 6 which states:

"Any person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt."

Plaintiff quotes Drumm-Flato Commission Company v. Edmisson, 17 Okl. 344, 87 P. 311 (1906) wherein the court said:

". . . In the case of a wrongful conversion of personal property, under the provisions of our statute, a party is entitled, as a matter of right, to recover interest from the date of the conversion, and it would be erroneous for the court to submit an instruction that it rests

within the discretion of the jury. . . ."

With respect to the above law, the trial court correctly instructed the jury in its instruction No. 4, which reads:

"If the defendant bank was a party to and aided in the conversion of these monies from the plaintiff, then the defendant bank would likewise be liable for all of such sums, together with interest thereon from the date of conversion and such amounts, if any, that plaintiff properly expended in pursuit of such monies unless plaintiff's recovery thereof is barred by the statute of limitations, which will be hereinafter defined for you."

This court is satisfied from the statements of the jury foreman made at the time of returning the verdict, that the verdict did not include any amount for interest and did not include any amount for costs of pursuit.

In St. Louis, E. R. & W. Ry. Co. v. Oliver, 17 Okl. 589, 87 P. 423, 427 (1906), the court said:

". . . Where it is clearly apparent from the verdict, or the verdict and instructions of the court, that the jury did not, in the assessment of the amount of the recovery, include interest, and it is further clearly apparent that the party recovering is entitled to interest in addition to the amount stated in the verdict, and the rate is fixed by law or made certain by the terms of the contract, and the date from which and to which interest should be computed is clearly and unquestionably ascertainable from the face of the verdict or from uncontroverted facts of record, the court may lawfully compute or calculate the interest, and add such sum to the amount allowed by the jury, and render judgment for the aggregate sum.

\* \* \* \* \* \*

"This was all clearly apparent and ascertainable from the uncontroverted facts in the record. It was but a matter of mathematical computation to determine the amount of interest, and this the court could as well do as the jury; . . . ."

Exhibits in the record of the instant case, show the date of each conversion and the amount thereof as well as other information. This evidence is uncontroverted by the defendant bank which based its defense on the statute of limitations and the claim that the plaintiff should have discovered the fraudulent conversions at an earlier date. It would be a matter of mathematical computation to determine the interest on the last $40,191.16 converted.

In Engelberg v. Sebastiani, 207 Cal. 727, 279 P. 795 (1929) the court said:

". . . Since the jury would be without right to disregard the court's direction, which would leave them no discretion in the matter, it can make no substantial difference to defendant whether interest is added to the judgment by the verdict of the jury rendered pursuant to the direction of the court, or by the court instructing the clerk to enter judgment for the amount of the verdict plus interest. In adopting the latter procedure, the court is usurping no function of the jury, for there is no issue of fact involved as to said interest."

Defendant's second proposition reads as follows:

"Can statements of the foreman of the jury made to the court be used to impeach a jury verdict?"

In support of this proposition, defendant quotes 89 C.J.S. Trial § 523 as follows:

"Jurors will not be heard to impeach a verdict duly rendered by them and recorded, and their affidavits introduced for such purpose will be disregarded, although such affidavits are admissible to show that the verdict, by reason of mistake, does not embody the true finding of the jury."

Defendant asserts as follows:

"The foreman's answers to the questions of the court cannot be considered part of the verdict in this case since 12 O.S.A. § 586 clearly provides that all

verdicts shall be written and signed by the foreman. Nor could his oral answers be considered special findings as provided for in 12 O.S.A. § 588 since the answers to special interrogatories submitted and returned by the jury and not signed are not part of the verdict. See City of Kingfisher v. Altizer (1903), 13 Okl. 121, 74 P. 107."

As we view the issues herein, neither side is seeking to impeach the verdict as such. Both sides have accepted it so far as it goes.

■ With reference to statements of the jury foreman made at the time of verdict return, and acquiesced in by the other jurors in the presence of the parties litigant and their attorneys, we call attention to the following cases:

In Smith v. S & F Construction Co., Inc., 62 Wash.2d 479, 383 P.2d 300 (1963), the court held:

"Trial court may make such inquiry of jurors as to enable it to understand their will and intention, and their answers to such inquiry will be looked upon as an aid in rendering of proper judgment."

In Turon v. J. & L. Const. Co., 8 N.J. 543, 86 A.2d 192 (1952), the court states the rule as follows:

"It is a rule of general acceptance that, barring a statute contra, a trial court may in its discretion inquire of a jury, upon the return of a verdict as to the grounds of principle upon which the verdict is based, and that no exception lies to the exercise of such discretion. The inquiry is to determine the intention of the arbiters of the facts, in aid of a proper judgment."

We have examined defendant's two remaining propositions and find no merit therein.

■ Contrary to statutory law, the jury awarded nothing for interest and nothing for costs of pursuit. Both of these elements of damages were proven and are uncontroverted. It was not a discretionary right of the jury to ignore said elements of damages.

It is our opinion that under the facts of this case and the law applicable thereto, the trial judge had both the power and duty to award plaintiff judgment for interest on the converted amounts from date of conversion to date of verdict, and to further award judgment for the necessary and reasonable costs of pursuit.

The order overruling plaintiff's Motion to Increase Judgment Notwithstanding the Verdict, is hereby reversed, and this case is remanded to the trial court with direction to calculate the interest at the rate of 6% per annum on the respective amounts converted of the last $40,191.16 taken from the respective dates of conversion to February 17, 1972, and to add to such total the costs of pursuit proven in the amount of $3,000.00. Judgment should be entered for the plaintiff and against the defendant for such interest and costs, and said judgment should bear interest at the rate of 10% per annum from February 17, 1972 until paid.

Reversed with direction.

BAILEY, P. J., and BOX, J., concur.